## J. B. ZIEGLER v. FRANK OSBORN.

PRACTICE; *Answer; Default.* There can be no such thing as a default in a justice's court, where the action is not founded upon a written in- strument; and when an action is appealed from a justice's court to the district court, the parties may try the case upon the same pleadings, and the same evidence, and in the same manner, as they might have done on the trial in the justice's court. (*Stanley v. Farmers' Bank*, 17 Kas. 592.) The district court may, however, in furtherance of justice, "allow" new or amended pleadings to be filed. (Justices' Code, §122, amendment of 1870.) But the filing of a new or amended pleading by the plaintiff will not place the defendant in absolute default. (*Kuhuke v. Wright*, 22 Kas. 464.) Every portion of the plaintiff's cause of action which was pre- viously in issue will remain in issue, although the defendant may not file any new or amended pleading. It is only the new matter set up in the new or amended pleading of the plaintiff that needs an answer; and it is only as to such new matter that the defendant could be in default by not filing an answer. If the new or amended pleading contains nothing more than the original pleading did, then no answer thereto is necessary.

*Error from Elk District Court.*

ACTION brought by *Osborn* against *Ziegler* to recover for money alleged to have been advanced by the former to the

latter, April 16, 1877. Trial and judgment for the plaintiff, at the April Term, 1879, of the district court. *Ziegler* brings the case here.

*J. D. McCue*, for the plaintiff in error.

*R. H. Nichols*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was originally brought by Frank Osborn, in a justice's court, to recover of J. B. Ziegler the sum of $154.85, for money alleged to have been advanced by Osborn to Ziegler on the 16th day of April, 1877. Upon trial before the justice, judgment was rendered against Osborn, from which he appealed. At the October term of the district court the following order was, on motion of Osborn, made in said case :

"Now, on the 31st day of October, 1878, this cause came on to be heard, on the motion of plaintiff, for leave to file an amended petition herein and a continuance of said cause; and it is ordered and adjudged that said plaintiff have leave to file an amended petition within thirty days from the rising of this court; that the defendant have thirty days thereafter to answer — the plaintiff ten days to reply."

The court adjourned on the 4th day of November, 1878. On the 2d day of December, 1878, the plaintiff filed his amended petition, which in substance alleges : That on the 3d day of March, 1875, Ziegler, being an attorney at law, and an attorney for one I. N. Fletcher, was desirous of bringing an action of replevin in favor of Fletcher against Reid and Wilson, and requested Osborn to become a surety on the undertaking necessary to be given, in order to commence said action; that Osborn, at the request of said Ziegler, became surety; that judgment was rendered against said Fletcher in said action, execution duly issued and returned unsatisfied; that on November 9, 1875, after due notice, Osborn was adjudged to pay the costs, and on November 20, 1877, execution was issued upon said judgment against him, and on or about the 27th day of November, 1877, he paid

30 — 23 KAS.

the amount of said execution, to wit, the sum of $154.85.; that although requested, Ziegler has failed to pay him the amount, although he promised to save him harmless.

On the 20th day of March, 1879, Ziegler moved to strike the amended petition from the files for the reasons assigned in his motion as follows: First, that it was filed out of time; second, that it stated a new and independent cause of action. This motion was overruled, and the court adjudged Ziegler to be in default. Ziegler then asked leave to file an answer, and in support filed his own affidavit, and also the affidavit of John Oliphant, which application to answer was by the court overruled. The answer which Ziegler desired to file was a general denial. The court then adjudged Ziegler to be in default, and without hearing any testimony rendered judgment against him for the full amount of Osborn's claim, and refused to permit Ziegler to offer any testimony in his behalf. A motion for new trial was filed, heard and overruled. To all of the foregoing rulings of the court, exceptions were duly taken and preserved. From the judgment of the court below Ziegler appeals to this court, bringing the case here on petition in error.

All the foregoing rulings of the court below are assigned for error, and whether any of such assignments can be sustained or not, we shall now proceed to consider. Certainly the court below did not err in making the order permitting the parties to file new pleadings. (Justices' Code, § 122; Comp. Laws of 1879, p. 720.) But whether the plaintiff kept himself within permissible bounds when he drew up and filed his amended petition, is not so clear. His amended petition is certainly a very radical departure from his original bill of particulars filed by him in the justice's court. It is hard to recognize it as setting forth the same cause of action as was originally set forth in such bill of particulars. Indeed, the two pleadings exhibit but very few signs of relationship, and yet we suppose they were intended to set forth the same identical cause of action. And, as there are indeed, a few slight resemblances between them, and as the defendant did not

attack the amended petition within the time prescribed by the court for him to attack it, we must presume and hold that the amended petition set forth the same cause of action as was intended to be set forth in the plaintiff's original bill of particulars. It is fair to say that the defendant, by failing to attack the amended petition at the time that he had a right to attack it, waived all the radical changes as well as the slighter ones made in the description of the plaintiff's cause of action. It must be remembered that the amended petition was filed December 2, 1878. The defendant received a copy thereof about December. 4, 1878. He had until January 3, 1879, within which to answer to it; and yet he did not answer to it, or attack it in any manner, until March 20, 1879. On April 8, 1879, he asked the court for leave to file his answer, and filed affidavits in support thereof, showing that he thought that the amended petition was not filed in time. We think the court below might have permitted the answer to be filed upon some terms, but we cannot say that the court erred materially in refusing to do so.

We think, however, that the court below erred in holding that the defendant was absolutely and entirely in. default. There can be no such thing as a default in a justice's court, where the action is not founded upon a written instrument; and when an action is appealed from a justice's court to the district court, the parties may try the case upon the same pleadings, and the same evidence, and in the same manner, as they might have done on the trial in the justice's court. (*Stanley v. Farmers' Bank*, 17 Kas. 592.) The district court may, however, in furtherance of justice, "allow" new or amended pleadings to be filed. (Justices' Code, § 122.) But the filing of a new or amended pleading by the plaintiff will not place the defendant in absolute default. (*Kuhuke v. Wright*, 22 Kas. 464.) Every portion of the plaintiff's cause of action which was previously in issue will remain in issue, although the defendant may not file any new or amended pleading. It is only the new matter set up in the new or amended pleading of the plaintiff that needs an answer; and it is only as to

such new matter that the defendant could be in default by not filing an answer. If the new or amended pleading contains nothing more than the original pleading did, then no answer thereto is necessary. We have been liberal towards the plaintiff in this action in construing his amended petition as not setting forth any new cause of action, and we must still continue to so construe it. We must construe it for both parties alike; and if we continue to so construe it, then the defendant was not wholly in default, for he was not in default at all as to the cause of action as it was originally stated in the plaintiff's bill of particulars. The substantial elements of the plaintiff's cause of action, as set forth in both pleadings, were as follows: The advancement of money by the plaintiff for the benefit of the defendant, at the defendant's request, and which the defendant agreed to repay. And these elements were substantially stated, in both pleadings, although in different language; and as to these elements, the defendant was not in default. The defendant was not *required* to file an answer. As was decided in the case of *Kuhuke v. Wright*, supra, the *permission* to file an answer is not an order *requiring* that an answer shall be filed.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.