School District No. 46, in Lyon County, v. Martin Lund.

1. Building Contract, *Action on — Measure of Recovery.* If one party, without the fault of the other, fails to perform his side of the contract in such a manner as to enable him to sue upon it, still, if the ·other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part to pay such a remuneration as the benefit conferred upon him is reasonably worth, less any damage that may have been sustained by reason of the partial nonfulfillment of the contract.

2. Damages — *No Recovery, When.* Where it is alleged that a plaintiff has suffered $200 damages by being kept out for one year of the use of a house being constructed by a contractor, on account of its noncompletion according to the contract between the parties, no actual damage can be allowed, in the absence of proof of the use of the building, or of some other damage caused by delay.

3. Special Findings — *General Verdict — Inconsistency.* When the special finding of· facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly.

*Error from Lyon District Court.*

On July 26, 1888, *School District No. 46,* Lyon county, having previously prepared specifications for a schoolhouse it desired to have built, and having submitted the same to Martin Lund, he made the following offer, which the district accepted:

"*To School Board of District No. 46, Lyon County:* I hereby agree to build and furnish all material for schoolhouse, as per specifications, for the sum of $935.      Martin Lund."

The specifications were treated as a part of the contract, and signed by the parties. Lund built a schoolhouse, which he considered finished according to the contract. Afterward the parties attempted to make a settlement, but they were wide apart. The school district paid Lund $312. He claimed that he strictly complied with his contract, and demanded the remaining $623. The school district took possession of the

schoolhouse and started its school September 2, 1889. This action was brought August 26, 1889, against the contractor, Martin Lund, and his sureties, B. J. Dunmire, Peter Doster, and James Lynch. The petition set out the contract, specifications, and bond, and declared on 21 breaches, one of which was alleged in these words: "The plaintiff has been kept out of the use of the house one year, to its damage $200." The answer and cross petition of Martin Lund contained two separate causes of action. The first was upon the express contract for the construction of the schoolhouse at the contract price. The second was upon an implied contract to pay him for the labor performed and the material which went into and was used in the building. Trial November 23, 1889, before the court with a jury. The jury returned a verdict for Lund for $235, and also returned the following findings of fact:

"Ques. When did the school district take possession of and commence to use the schoolhouse? Ans. September 2, 1889.

"Q. How much money had the district paid Lund when they took possession of the building? A. $312.

"Q. What was the building worth at the time of its completion? A. $700.

"Q. Was the building constructed in substantial compliance with the specifications? A. No.

"Q. At the time this suit was brought, August 26, 1889, did the defendants B. J. Dunmire, Peter Doster and James Lynch owe the plaintiff school district anything by reason of having signed Lund's bond herein? A. Yes."

Lund filed a motion for a new trial December 23, 1889, and on January 11, 1890, withdrew the motion, the plaintiff asking the benefit of it, and asking for a new trial. The court, on the motion of Lund, rendered a judgment for $388. Before any witnesses were subpoenaed, the school district had offered to confess judgment for $300. The school district excepted, and brings the case here.

*J. Jay Buck*, and *Lambert & Dickson*, for plaintiff in error:

1. The jury allowed damages, and this verdict should be upheld. *Stanton v. French*, 91 Cal. 294.

2. Formerly, when two parties made a special contract they were held bound thereby. The law did not imply a contract where to do so the implication violated the very contract they had made. This rule was finally changed by two leading cases: *Britton v. Turner*, 6 N. H. 481; *Hayward v. Leonard*, 7 Pick. (Mass.) 181. The prevailing rule is against that laid down in *Britton v. Turner*, but this court has followed the New Hampshire case. See, also, *B. & O. Rld. Co. v. Rathbone*, 1 W. Va. 87.

3. Let it be kept in mind that in the case at bar each party was standing on the pleaded contract, insisting he had carried it out to the letter, and that the other had violated it; and the defendant below was not entitled to ask special finding No. 3, and no pleading justified its consideration by the court below. See *Clark v. Mo. Pac. Rly. Co.*, 48 Kas. 662; *A. T. & S. F. Rld. Co. v. Irwin*, 35 id. 288, 289; *Mays v. Foster*, 26 id. 518. We discern nothing in *School District v. Boyer*, 46 Kas. 56, opposed to our views.

In *Denton v. City of Atchison*, 34 Kas. 441, this court says:

"A substantial performance, however, is still indispensable to a recovery; and a failure to carry out any material part of the contract will not amount to a substantial compliance."

4. This court has held, in *Smith v. Beeler*, 48 Kas. 672:

"When there is no conflict between a special finding of the jury and the general verdict, it is not error for the court to enter judgment on the general verdict." *St. L. & S. F. Rly. Co. v. Ritz*, 33 Kas. 404, 408; *Simpson v. Greeley*, 8 id. 586.

The jury returned a general verdict for the defendant for $235. The court rendered judgment for $388. In this the court erred. The general verdict is not inconsistent with the special findings. True, the jury found the building was worth $700, and that plaintiff had paid $312. But the jury also found that the building was not constructed in substantial compliance with the specifications.

5. We had a right to just such a building as we had contracted for. The schoolhouse, if completed according to contract, would probably have been worth $1,200. But the jury

doubtless allowed us for one year loss of time. They, in effect, found that the building should have been worth $1,088, if completed according to contract, assuming that they allowed us nothing for one year's use.

There was no finding as to our damages, and we had pleaded specific damages of $1,335, and had paid $312, and asked judgment for $1,200. If our damages had been found, the court could have told what we owed; without such finding, the court could not. See *Water Co. v. City of Winfield*, decided by this court March 11, 1893 [*ante*, p. 104].

*Mills, Smith & Hobbs*, for defendant in error:

The answer and cross petition of Martin Lund, the defendant in the court below, contained two separate causes of action against the plaintiff. The first was upon the express contract for the construction of the schoolhouse at the contract price. The second was upon an implied contract to pay Lund for the labor and material which went into and were used in the building. The second cause of action set out in the answer of Lund was in the common-law form upon the common counts. This form of pleading has been approved by this court. *Meagher v. Morgan*, 3 Kas. 372; *Clark v. Fensky*, 3 id. 389. It has also been approved by the courts in most of the code states. Pom. Rem., § 542, and note.

The argument of the plaintiff in error is, that while the jury found that the building was worth $700 to the school district, this amount ought not to be the measure of the defendant's recovery, for the reason that the district was kept out of the use of the schoolhouse for some time. The proof shows, however, that during the whole time the building was being constructed, school was held in the old building, which accommodated all the scholars. Miss Williams, the schoolmistress, so testified. There is no other proof of damage to the district by reason of delay in completion except that contained in the testimony of Miss Williams, and we submit that this evidence establishes no damage whatever to the district on this account. *Baptist Church v. Sigwald*, 39 Kas. 387.

This case differs materially from *Denton v. City of Atchison*, 34 Kas. 441, cited in brief of plaintiff in error. In this case, the school district accepted the building and used it for the purpose for which it was built.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial, the jury returned a general verdict for Martin Lund for $235, but found the building worth $700, and that the school district had paid $312. The court rendered judgment for Lund for $388 upon the special findings. Complaint of this is made. It was decided in *Barnwell v. Kempton*, 22 Kas. 314, that

"Where one party has entered into a special contract to perform work for another and furnish materials, and the work is done and the materials are furnished, but not in the manner stipulated for in the contract, so that he cannot recover the price agreed on in the contract, yet, if the work and materials are of any value and benefit to the other party, he may recover for the work done and for the materials. This is upon the principle that, if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything." (See, also, *Duncan v. Baker*, 21 Kas. 99.)

This rule, declared by this court and many other courts, "is bottomed on justice, and is right upon principle, however it may be upon the technical and more illiberal rules of the common law, as found in the older cases." (*McClay v. Hedge*, 18 Iowa, 68.) The school district would have been entitled to an offset for any actual damage it sustained by any partial nonfulfillment of the contract, provided any actual damage had been proved.

The amended answer was not attacked by motion or otherwise, and therefore we think there were sufficient allegations in the second cause of action alleged therein to sustain a verdict in favor of Lund upon a *quantum meruit*. (*Meagher v. Morgan*, 3 Kas. 372; *Clark v. Fensky*, 3 id. 389; Pom. Rem., § 542, and note.)

The contract price was $935, but as the building was not

constructed according to the contract, that amount was not recoverable. It is contended upon the part of the plaintiff that it is immaterial what the building was worth, and that such a question ought not to have been submitted to the jury for answer. But "worth" was treated in the instructions, and by the jury in the special findings, as synonymous with "the value of the work done and material furnished;" and, as the school district used and accepted the house, it was of the "reasonable worth or value of $700 to the district."

It is suggested that the jury, by their general verdict, intended to allow $200 damage for the use of the house for one year, on account of the delay in its completion. There is no testimony in the record showing the rent or value of the use of such a house for a year or any other time, or the amount of any other specific damage caused by the delay in the completion of the house. In the absence of such evidence, we think the trial court committed no error in rendering the judgment complained of.

Lund claimed $935, upon the ground that he had complied with all the terms of the contract, and offered evidence that the labor performed upon the house and the material furnished for the same were worth $1,100. The school district was required to pay only $700 for the building, in the place of $935, the contract price.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.