No. 20,640.

A. K. LONGREN, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant,* et al.

### SYLLABUS BY THE COURT.

APPEAL—*From Justice of the Peace—Pleadings by Defendant May be Required.* By the statute authorizing the district court on an appeal from a justice of the peace to "allow amended pleadings to be made or new pleadings to be filed" (Jus. Civ. Code; § 122) power is conferred to require a defendant to file an answer.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed February 10, 1917. Affirmed.

*W. P. Waggener, J. M. Challiss,* both of Atchison, and *W. A. S. Bird,* of Topeka, for the appellant.

*J. B. Larimer,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON J.: A. K. Longren sued the Missouri Pacific Railway Company before a justice of the peace for damages occasioned by delay in the shipment of an aëroplane outfit. Judgment was rendered in favor of the plaintiff, the defendant making no appearance, save by the filing of an appeal bond. The district court, on motion of the plaintiff, ordered that the defendant file an answer setting out any defense relied on. The defendant declined to do so and judgment was rendered against it upon the plaintiff's bill of particulars. It now appeals, asking a reversal on the sole ground that the court had no authority to require it to file an answer.

One who is sued before a justice of the peace is not required to file any pleading unless the plaintiff demands it, and then only if a set-off is claimed. (Jus. Civ. Code, § 71.) The defendant maintains that the district court on appeal exercises only such power as the justice possesses, and inas-

much as the justice of the peace could not have required the filing of an answer, the appellate court had no greater power in that respect. The statute on the subject reads:

"No notice of appeal shall be required to be filed or served, and the case shall be tried *de novo* in the district court upon the original papers on which the cause was tried before the justice, unless the appellate court in the furtherance of justice allow amended pleadings to be made or new pleadings to be filed." (Jus. Civ. Code, § 122.)

The defendant asserts that properly construed this language authorizes the court to "allow" additional pleadings, but not to *require* them. In an early case, arising under this statute, it was said: "The court then had power to require an answer to be filed, for though the language of the statute is 'allow,' yet we think this grants something more than mere authority to consent." (*Sewing Machine Co. v. Redfield,* 18 Kan. 555, 557.) The defendant maintains that the sentence quoted was dictum, inasmuch as the order for amendment which was under consideration had been made by consent, and that it is inconsistent with expressions of the court in two later cases. In one of them an order was made "allowing" a defendant to file an answer in a case appealed from justice court, and it was held that his omission to do so did not put him in default because he had not been *required* to plead. (*Kuhuke v. Wright,* 22 Kan. 464.) In the other, after an appeal had been taken from a judgment of a justice of the peace, the district court made an order allowing the plaintiff to file an amended petition, and giving the defendant thirty days to answer. The defendant failed to plead within the time specified and judgment was rendered against him by default, notwithstanding his request to be allowed to answer and to introduce evidence. This judgment was held to be erroneous for the reason that as the allegations of the original petition were in issue without any pleading by the defendant, he was required to answer only the new allegations of the amended petition; and as the original petition and the amended petition were substantially the same, no answer at all was necessary—"the defendant was not *required* to file an answer." (*Zeigler v. Osborn,* 23 Kan. 464, 468.) We think the true construction of the statute is that indicated in the first case cited—that the district court may compel the filing of an answer. This is in accordance with the general practice else-

where. (24 Cyc. 727.)   It is argued that the order in the present case for the filing of an answer was not "in further-ance of justice," but was "a gratuitous exercise of tyranni-cal power."   No hardship can have resulted from a require-ment that the defendant should disclose its defense before the trial was begun, and that was the substantial effect of the order. complained of.  .While the jurisdiction of the district court on appeal is in a sense limited by that of the court ap-pealed from, the procedure in the two tribunals is not neces-sarily the same.  For instance, a jury of twelve is allowed on an appeal from a justice of the peace, whose jury consists of but six, and on an appeal from a police court, where a jury is unknown.

The judgment is affirmed.