No. 23,474.

W. C. ALLISON, *Appellee,* v. C. H. GRIFFIN et al. (JOHN G. JOHANNES, Interpleader, *Appellant*).

No. 23,475.

T. H. NILGES, *Appellee,* v. C. H. GRIFFIN et al. (JOHN G. JOHANNES, Interpleader, *Appellant*).

No. 23,476.

WHEATLEY CLOTHING COMPANY, *Appellee,* v. C. H. GRIFFIN et al. (JOHN G. JOHANNES, Interpleader, *Appellant*).

SYLLABUS BY THE COURT.

GARNISHMENT—*Interpleader Claiming Property Garnished—Amended Interplea Improperly Stricken Out.* Money garnished in an action before a justice of the peace was claimed by an intervenor, who pleaded that he was its absolute owner. Judgment having been rendered against him he appealed, and upon the trial in the district court introduced evidence tending to show that the money in dispute was one-third of the proceeds of the sale of hay and live stock from a farm leased by him to the defendant under an agreement which he styled a partnership, providing that he was ordinarily to receive two-thirds of such proceeds, but that in this instance he was entitled to the whole amount because his partner had failed to perform an agreement to contribute a like amount to the common fund. He was then given leave to file an amended interplea and did so, the new pleading being in accordance with such evidence. It is held that in these circumstances it was error to strike out the amended interplea on the ground of its being inconsistent with the original.

Appeals from Brown district court; WILLIAM I. STUART, judge. Opinion filed February 11, 1922. Reversed.

*Tom D. Smith,* of Hiawatha, *J. G. Waters,* and *John C. Waters,* both of Topeka, for the appellant.

*W. H. Crawford,* of Horton, and *W. E. Archer,* of Hiawatha, for the appellees.

The opinion of the court was delivered by

MASON, J.: These cases, which were heard together in the district court, involve the same questions. The facts will be stated in but one of them, those of the others being in all respects similar.

T. H. Nilges sued C. H. Griffin before a justice of the peace upon an account, serving garnishment summons upon F. J. Henney, who answered that he held some money in his hands, the proceeds of personal property sold at a public sale of which he had acted as clerk, the ownership of which was in dispute between Griffin and John Johannes. Johannes intervened and claimed the money. Judgment was rendered against the defendant without objection, and a trial of the issue between the plaintiff and the intervenor also resulted in favor of the former, the intervenor appealing to the district court. Judgment was again rendered in favor of the plaintiff, and the intervenor appeals.

The appellant undertakes to question the sufficiency of the plaintiff's bill of particulars against the defendant, claiming that it was demurrable, but as no appeal was taken from the judgment of the justice of the peace by the defendant that matter is not open to inquiry. The only other question presented is whether error was committed in striking out an amended interplea on the ground that it was inconsistent with that filed before the justice of the peace. The original interplea alleged that the money in dispute was the sole and absolute property of the interpleader. The amended interplea set out in full the details of the transaction out of which the interpleader's claim originated, to substantially this effect: The intervenor had rented a farm to the defendant, the lease containing these provisions among others: The intervenor was to furnish certain material; the defendant was to purchase one-third of all live stock, feed and seed, to be paid to the intervenor out of the defendant's share of the income from the place; the proceeds of everything sold (excepting wheat) was to be divided—two-thirds to the intervenor and one-third to the defendant. The money in controversy was the proceeds of hay and live stock sold from the farm and was subject to the division indicated—two-thirds to the intervenor and one-third to the defendant, except for the fact that the defendant had failed

to pay for one-third of the live stock, feed and seed, in accordance with the agreement, on which account the intervenor was entitled to all the proceeds of the sale instead of to merely two-thirds of it. The interplea alleged that the garnished money belonged to the intervenor, describing the arrangement as one between partners and his claim as one against the partnership, which was superior to any against the defendant individually.

Appeals from a justice of the peace are tried upon the original papers unless the district court in furtherance of justice allows amendments or new pleadings. (Gen. Stat. 1915, § 7825.) We do not regard the difference between the intervenor's original statement that he owned the money outright, and his later statement that he was entitled to it because of the detailed facts regarding his relationship with the defendant, as constituting such an inconsistency as necessarily to cut off the privilege of making the amendment. It is not apparent that the plaintiff was misled or in any way prejudiced by it. If the intervenor was really entitled to the money at the time of the garnishment it would be a harsh rule that would deprive him of it by reason of his description of the character of his claim being technically inaccurate. When the case was called for trial in the district court no new pleadings were filed or offered. The intervenor introduced without objection evidence tending to support his claim to the money by reason of the defendant's having failed to make his contribution to the common fund. A demurrer to the evidence was filed and overruled. The plaintiff then introduced evidence. The intervenor was later granted leave to file an amended interplea, and filed the one already discussed, which was subsequently stricken out. We think under the circumstances stated his evidence should have been passed upon in the light of whatever benefit he might derive from the new pleading. No other matter is now passed upon, however.

The judgments are reversed, and the causes are remanded with directions to overrule the motion to strike out the amended interpleas and proceed with the cases.