No. 23,485.

SISIA LOFSTEAD, *Appellant*, v. THE BANK SAVINGS LIFE INSURANCE COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Liability Limited in Case of Death in Military Service.* A policy of life insurance is not forfeited and is not forfeitable on account of the insured engaging in military service of the United States where the policy provides that, if the insured does engage in military service in time of war and death shall occur during such engagement or as a result thereof, the liability under the policy shall be limited to its cash surrender value at the time of the death of the insured unless he, with the insurer's consent, had paid the established extra premiums therefor.

2. SAME—*Demurrer to Reply Erroneously Sustained.* A demurrer to a reply should not be sustained where the reply denies facts alleged in the answer which, if true, would constitute a partial defense to the cause of action stated in the petition, and when the reply contains no admission of the facts thus pleaded in the answer.

Appeal from Trego district court; ISAAC T. PURCELL, judge. Opinion filed February 11, 1922. Reversed.

*J. G. Hutchison,* of Kansas City, Mo., for the appellant.
*E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, the beneficiary named in a policy of life insurance, sued for $1,000, the full amount named in the policy, and recovered judgment for $46.98, from which she appeals.

Martin N. Lofstead, on June 28, 1916, procured from the defendant a policy of life insurance which contained the following provisions:

"If the insured at any time engage in military or naval service in time of war (Militia and National Guard not in active service excepted) and death

shall occur during such engagement or as a result thereof, the liability hereunder shall be limited to the cash surrender value of the policy at the date of death, unless the insured shall have obtained the company's written consent and paid the extra premium therefor at its established rate."

"This policy constitutes the entire contract between the parties hereto and shall be incontestable after one year from date of issue, except for non-payment of premiums and violations as to military and naval service."

The petition alleged that the policy had been issued; that the premiums, $23.84 per annum, had been paid; that Martin N. Lofstead died on July 1, 1919; that the plaintiff had demanded payment of the policy; and that payment had been refused. Attached to the petition was a copy of the policy which contained a table of guaranteed loan and surrender values. The table stated that at the end of the third year the policy would have a loan value of $42 and a cash value of $27, and that at the end of the fourth year, the policy would have a loan value of $59 and a cash value of $42. The defendant in its answer alleged that at some time prior to September 29, 1918, and subsequent to June 24, 1916, Martin N. Lofstead entered the military service of the United States and was engaged in that service until his death, and that while so engaged and while in active fighting in France he was wounded on September 29, 1918, from which wound he subsequently died. The answer further alleged:

"That said Martin N. Lofstead had not procured the defendant's written consent to engage in military service and has not paid the extra premium therefor, at its established rate; that the cash surrender value of said policy at the date of the death of the insured was forty-three ($43) dollars."

The reply denied the allegations of the answer and alleged that the provisions of the policy concerning military service had been waived by the defendant by its "demanding, receiving, and accepting regular premiums for the years 1917, 1918 and 1919, . . . with full knowledge and notice of the fact that the said Martin N. Lofstead had been so inducted into and was [engaged] in the military service of the United States as heretofore stated." A demurrer to the reply was sustained, and judgment for the plaintiff was rendered for $46.98.

1. The plaintiff argues that Martin N. Lofstead's entering into the military service of the United States constituted a forfeiture of the policy but insists that the forfeiture was waived by the defendant's subsequently demanding and accepting the premiums provided for in the policy. If the plaintiff is correct in her argument

that the policy provides for its forfeiture on the insured's entering the military service, then she is correct in concluding that such forfeiture was waived by the defendant by its demanding and accepting the premiums, but the stipulation did not provide for the forfeiture of the policy if the insured engaged in the military service. The policy provided that if he did engage in that service the liability under the policy would be limited to the cash surrender value of the policy, the amount that was named in the answer and for which judgment was rendered. This principle is not new in this state. In *La Rue v. Insurance Co.*, 68 Kan. 539, 75 Pac. 494, this court said:

"A policy of life insurance provided that the insured might serve in the military service of the United States in time of war by giving the insurance company notice and paying an extra premium for the war hazard; otherwise, in case of death, the company should be liable for the reserve on the policy only. The insured enlisted in the service of the United States and was killed on the island of Mindanao, one of the Philippines, in May, 1900. No extra premium was paid. *Held,* that the company was not liable for more than the reserve on the policy." (Syl. ¶ 1.)

This principle was followed in *Bradshaw v. Insurance Co.*, 107 Kan. 681, 193 Pac. 332. Notes on this subject are found in 4 A. L. R. 848, 7 A. L. R. 382, and 11 A. L. R. 1103. These notes support the principle followed by this court. If, on the trial of this action, it should develop that the allegations of the answer are true, the plaintiff cannot recover judgment for more than that for which judgment was rendered in this action.

2. Assuming that the allegations of the answer are true, what has been said disposes of this case. The answer alleged facts which, if true, constituted a complete defense to all of the cause of action alleged in the petition, except $43 and the interest thereon. The reply denied the allegations of the answer and alleged what the plaintiff believed constituted a waiver of the provisions of the policy concerning military service; but the reply did not admit that the insured had been wounded while engaged in that service; did not admit that the insured had died as a result of that wound; did not admit that the insured had died while in that service; did not admit that the insured had not procured the consent of the company to engage in that service; and did not admit that the insured had not paid the extra premiums therefor. The reply did not state facts sufficient to constitute a waiver of the terms of the policy, but did plead that which met the allegations of the answer and

which were good as against the demurrer to the reply. The demurrer should not have been sustained.

For that error, the judgment is reversed, and the cause is remanded with directions to the trial court to overrule the demurrer to the reply and to proceed with the cause.