No. 26,471.

P. Zimmerle, *Appellee*, v. G. J. C. Felzien, *Appellant*:

### SYLLABUS BY THE COURT.

1. Justices of the Peace—*Appeal—Trial De Novo—Pleadings*. Where a cause of action begun before a justice of the peace was attempted to be stated in a bill of particulars, and issues were joined thereon by defendant's bill of particulars, and the action was appealed and tried *de novo* in the district court without reformation of the pleadings, the trial court did not err in overruling defendant's objection to the introduction of testimony on the ground that plaintiff's bill of particulars did not state sufficient facts to constitute a cause of action.

2. Building and Construction Contracts—*Abandonment—Evidence—Quantum Meruit*. In an action to recover compensation as for wages in building a house, the record examined and held barren of any evidence to show a mutual abandonment of the contract alleged by plaintiff and admitted by defendant, whereby defendant was to do the job for $850, and held wanting in evidence to show that defendant prevented plaintiff from carrying out his contract; and held, also, that the record discloses no clear basis for a recovery by plaintiff as for wages or on *quantum meruit*.

3. Same—*Abandonment—Quantum Meruit—Right of Owner to Set-Off*. The grounds urged by appellee to support the judgment considered and not sustained; and held, also, that unless the contract was abandoned by mutual consent or its completion was prevented by defendant, any claim of plaintiff through *quantum meruit*, notwithstanding his voluntary noncompletion of the contract, must make due allowance for defendant's right to a set-off

Building and Construction Contracts, 9 C. J. pp. 718 n. 92, 723 n. 43, 725 n. 68, 729 n. 8, 820 n. 5, 829 n. 92, 864 n. 76, 886 n. 90. Justices of the Peace, 35 C. J. pp. 612 n. 98, 823 n. 66, 824 n. 71, 832 n. 67, 833 n. 68.

Zimmerle v. Felzien.

for necessary and reasonable expenses incurred by him in effecting a completion of the contract by other workmen.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed May 8, 1926. Reversed.

*E. E. Kite,* of St. Francis, for the appellant.
*Leigh D. Dowling,* of St. Francis, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff recovered judgment against defendant for $119.25 as an alleged balance due for wages in building a house.

The action was commenced before a justice of the peace. The issues were framed in bills of particulars filed by the litigants.

Plaintiff alleged that in the summer of 1922 he and defendant made an oral agreement whereby he undertook to do all the carpenter work on a house being constructed on defendant's farm for $850—

"And pursuant to said verbal contract plaintiff employed workmen, and also used his own labor, and started on said carpenter work; that soon thereafter the defendant proceeded to and did employ other workmen on said carpenter work, and also changed the plans of the construction of said dwelling house, and by said action plaintiff understood and was led to believe and now alleges that said verbal contract was abandoned on the part of both plaintiff and defendant; that plaintiff proceeded in said construction work and rendered his own labor and services as hereinafter set out, and employed workmen and paid said workmen with his own money as hereinafter set out; that defendant urged and requested plaintiff to employ said workmen to work on defendant's residence."

Plaintiff set out at length an account of a number of hours' work performed by him at 75 cents per hour, and an account of a certain number of hours' work at 50 cents and at 35 cents per hour by other workmen, totaling a reasonable wage charge of $660.25 for himself and to reimburse him for wages paid by him to workmen employed by him at defendant's request. Plaintiff gave defendant credit for $525 paid him on account, and credit for $16 for provisions and feed supplied by defendant.

Plaintiff alleged that defendant owed him a balance of $121.25, for which sum he prayed judgment.

In defendant's bill of particulars, he admitted—

"That the plaintiff and defendant entered into a verbal agreement, by the terms of which the said plaintiff was to erect for the defendant on the defendant's farm a dwelling house, and do all the carpenter work on said dwelling

Zimmerle v. Felzien.

house for the sum of eight hundred fifty dollars, and that the plaintiff employed workmen to assist him toward the erection of said dwelling house. . . .

"The defendant denies that he employed other workmen to work on said dwelling house except upon the request of the plaintiff, and that the plans, specifications or the construction of said dwelling house was changed by the defendant or that the agreement between the plaintiff and defendant was ever mutually abandoned and that the plaintiff ever had any agreement, right or authority to proceed with the carpenter work on said dwelling house, except upon the verbal agreement to do all of said carpenter work for the aforesaid sum of eight hundred fifty dollars."

Defendant further alleged that plaintiff abandoned the work on November 21, 1922, and thereafter refused to do any further work on the house, although requested to do so by defendant. Defendant alleged that plaintiff's carpenter work was very inefficient and inaccurate and not worth over fifty cents an hour, and that none of the workmen hired by plaintiff were worth over thirty-five cents per hour. Defendant's statement of account agreed with that of plaintiff touching the sum paid plaintiff on account, $525, and differed but slightly on the miscellaneous items of provisions and feed furnished by defendant.

Defendant further alleged that in cash and goods he had overpaid plaintiff the sum of $120.62; and as a counterclaim and set-off defendant alleged that by reason of plaintiff's abandonment of the work he had been compelled to hire other carpenters and workmen to complete the dwelling house at a necessary outlay of $673.10, of which amount $413.72 was in excess of the total contract price for which plaintiff had agreed to do the work, to the consequent damage of defendant in the sum of $413.72. Defendant also specified other items of damage and expense chargeable to plaintiff on account of misfitting of door openings, unplumbed partitions, departures from specifications, erroneous measurements, aggregating several hundred dollars—for all of which he prayed judgment for $300, the maximum amount recoverable in the forum where the action was begun.

From the decision of the justice of the peace, the cause was appealed to the district court and there tried *de novo* without reforming the pleadings. The jury returned a verdict for $119.25 in favor of plaintiff, and judgment was rendered thereon.

1. Defendant assigns various errors, contending, first, that plaintiff's amended bill of particulars did not state a cause of action and defendant's objection to the introduction of evidence should have been sustained. It is quite true that plaintiff's cause of action was defectively stated. He alleged that an oral contract had been made

Zimmerle v. Felzien.

between himself and defendant whereby plaintiff was to do the job for $850. He did not squarely plead that such contract had been abandoned by mutual consent, nor that defendant had prevented him from completing the job, nor did he specifically allege that defendant hired him to work for wages. But when it is kept in mind that the action was begun before a justice of the peace, where rules of pleading are of little importance and can hardly be enforced (*Lobenstein v. McGraw*, 11 Kan. 645; *K. P. Rly. Co. v. Taylor*, 17 Kan. 566) the ruling of the district court on the point raised against the introduction of testimony did not constitute prejudicial error. Before the time set for the trial *de novo*, the defendant with much propriety might have applied to the district court for an order requiring the plaintiff to reform his pleadings so that his cause of action might more clearly have been stated, or so that its defects might have been so clearly apparent that they could be effectively challenged by demurrer. (R. S. 61-1003; *Ziegler v. Osborn*, 23 Kan. 464; *Casterline v. Day*, 26 Kan. 306; *Baughman v. Hale*, 45 Kan. 453, 25 Pac. 856; *Longren v. Railway Co.*, 99 Kan. 757, 163 Pac. 183; *Allison v. Griffin*, 110 Kan. 443, 204 Pac. 685.)

2. The next assigned error relates to the overruling of defendant's demurrer to plaintiff's evidence. It presents a more serious problem. Defendant argues that the defects in plaintiff's cause of action lie deeper than mere want of appropriate recitals in his pleading; that there was a dearth of evidence to prove a cause of action of any sort. Plaintiff had alleged and defendant had admitted that the parties had made an oral contract whereby plaintiff was to do the carpenter work for $850. Now, how did the contracting parties get rid of that $850 contract? There was no evidence that it was abandoned by mutual consent. (9 C. J. 723.) Neither was there any evidence that defendant had defaulted in his part of the contract (9 C. J. 725 *et seq.*), nor that he prevented plaintiff from carrying out his contract to completion. Defendant did tell plaintiff that he was not doing satisfactory work, but that was after plaintiff had quit the job. Defendant testified:

"A. I asked him to come and finish the job.
"Q. Well, what did he say? A. He said, I don't think I can suit you.
"Q. What did you say? A. I told him I thought so, too."

Of course the trial court and jury may not have believed that testimony, but it is the only evidence in the record submitted to this court which throws the slightest light on how the $850 contract

alleged by plaintiff and admitted by defendant was terminated. And it need scarcely be added that a contract to do a job of work for a specified sum of money cannot be abandoned at the option or caprice of one of. the parties; nor can a party who has undertaken to do a job of work change his relation thereto from that of contractor to that of a wage earner without an agreement to that effect; nor can he by his own act or election fasten a liability on the other party to pay him the going wages for himself and his workmen in lieu of the stipulated sum for which he bound himself to do the job.

Plaintiff makes the sophistical argument that there was no contract because the stipulated bid was $850 if defendant furnished the mill work and $1,000 if plaintiff furnished it. But since plaintiff did not furnish the mill work, nor base a claim on his option to furnish it, the contract price was $850, and it is useless to discuss the alternative proposition. The rights of the parties are controlled by the $850 contract unless it was abandoned by mutual consent or unless defendant committed some act or default which justified plaintiff in rescinding it. Another suggestion advanced by plaintiff in support of the judgment is that it may be justified on the theory of *quantum meruit*. That doctrine is applicable in cases where the contract is called off by mutual consent (6 R. C. L. 976) and, perhaps, where the contractor is prevented by the owner from completing the contract, although in the latter case his measure of damages might more justly be based upon the contractor's loss of profits which would have inured to him if he had been permitted to complete his contract. (9 C. J. 729.) The law is tolerant, however, in its attitude towards building contractors who breach their contracts by voluntary noncompletion, and will award them compensation *quantum meruit* for the work actually done, if it is of some substantial benefit to the owner (6 R. C. L. 974, 975), less a proper setoff for whatever damages the latter may have sustained by the contractor's failure to complete the contract. Such set-off would neces-· sarily include due allowance for the owner's expense in employing another contractor or other workmen to finish the job, and in eliminating and correcting defects in the work done by plaintiff. (*School District v. Lund*, 51 Kan. 731, 33 Pac. 595.) See, also, discussion and citations in *Fritts v. Quinton*, 118 Kan. 111, 233 Pac. 1036. In this case the contract price was $850. Plaintiff admitted the receipt of $541 in cash and goods on account. That left a margin of $309 for the completion of the house. Plaintiff admitted he did not complete the house. It was completed by defendant at an expense of several

hundred dollars.  The jury were not bound to accept as true the precise figures of expenses testified to by defendant, but they were bound to treat his evidence fairly, and were bound to find and allow defendant his fair and reasonable expenses in completing the house, and were bound to deduct that amount from the contract price of $850 before they could make any just allowance to plaintiff on *quantum meruit*, and if defendant's just claim for a set-off, plus the sum ($541) he has already paid on account, should equal or exceed the total contract price ($850) for building the house, plaintiff would be entitled to no recovery on *quantum meruit* or on any other theory of law or equity.  Indeed, plaintiff may be liable to defendant for some balance due on the set-off, if the proof be sufficient to support the allegations of defendant's bill of particulars.  To properly determine these matters, the judgment of the district court is reversed and the cause remanded for a new trial.