No. 33,796

HATTIE DUBLER, *Appellee,* v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellant.*

(78 P. 2d 6)

Opinion filed April 9, 1938.

*James E. Smith, E. H. Hatcher* and *Frank H. McFarland,* all of Topeka, for the appellant.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This case was filed to recover on a policy of insurance alleged to have matured, for the sum of $2,000 claimed to be due appellee as beneficiary, by reason of the unexplained absence of the insured from his home and place of residence for more than seven years, during which time no word had been received from him, or tidings concerning his whereabouts had, although appellee had used due diligence in an effort to locate him.

On July 1, 1921, the defendant issued a policy of insurance on the life of Fred Dubler, in which Hattie Dubler, his wife, was named beneficiary. Premiums were paid to March, 1928, when payments stopped and the member was suspended for nonpayment, but the policy was placed on extended insurance which would expire June 1, 1937. The policy carried the provision that it was issued and accepted by the member with the express understanding and agreement that all of the laws of the order now in force or which may hereafter be adopted constitute a contract between the insured and the order and that the insured consented to the terms thereof.

One of the bylaws of the order in force at the time the policy herein was issued and incorporated in the policy provided that in case of a presumption of death or unexplained absence of the member there shall be deducted from his certificate an amount equal to the difference between the amount he had paid into the mortuary fund and the amount he would have paid into said fund if he had lived out his expectancy. This provision is specifically written into the policy as follows:

"3d. It is expressly stipulated and agreed in case of a presumption of death arising from the mysterious disappearance or unexplained absence of the member, there shall be deducted from his beneficiary certificate an amount equal to the difference between the amount he has paid into the beneficiary fund and the amount he would have paid into said fund if he had lived out his life expectancy, based upon the American Experience Table of Mortality."

At the time the policy was taken out the insured, Fred Dubler, lived at Winfield, Kan. On May 1, 1929, the insured disappeared from his home in Tulsa, Okla. On May 24, 1937, his wife, Hattie Dubler, beneficiary under the policy, brought this action.

Appellant answered, setting up the bylaw as a part of its defense, and the allegations relative to the bylaw were, on motion, ordered stricken from the answer on the ground that it was void.

This is an appeal from that order.

Counsel for plaintiff contend the provision in this policy is void, relying upon *Fernandez v. Sovereign Camp*, 142 Kan. 75, 46 P. 2d 10, and *Green v. Royal Neighbors of America*, 146 Kan. 571, 73 P. 2d 1.

In the Fernandez case three separate bylaws of the defendant insurance company were involved. One was in force when the policy was written; one was adopted subsequent thereto, but before the insured left home; and one was adopted after the time it was alleged the insured disappeared. The first bylaw in that case provided:

"The absence or disappearance of the member from his last-known place of residence and unheard of shall not be regarded as any evidence of the death of such member nor give or create any right to recover any benefits on this certificate or on account of such membership, in the absence of proof of his actual death, aside from and unassisted by any presumption arising by reason of such absence or disappearance, until the full term of his life expectancy at the time he disappears, according to the Carlyle table of life expectancy, has expired, and then only in case all assessments, dues, special assessments and all other sums now or hereafter required under the laws of this society be paid on behalf of such member within the time required, until the expiration of the term of such life expectancy; and the conditions of this certificate shall operate and be construed as a waiver of any statute of any state or country, and of any rule of the common law of any state or country to the contrary. In the event the payments are not made as above provided, said member shall stand suspended." (p. 76.)

It was there provided in express terms that the absence or disappearance of the member from his last-known place of residence and unheard of "shall not be regarded as any evidence of the death of such member nor give or create any right to recover any benefits on this certificate or on account of such membership, in the absence of proof of his actual death." It was held that this provision was unreasonable, against public policy and therefore void. In so holding we followed our former cases—*Hannon v. United Workmen,* 99 Kan. 734, 163 Pac. 169, and *Fidelity and Deposit Co. v. Davis,* 129 Kan. 790, 284 Pac. 430.

In the later bylaws in the Fernandez case two alternative elections were available to the beneficiary. The first, after payment of all dues and assessments for the seven-year period, would entitle the beneficiary to the full proportionate amount of the accumulated reserve held by the company for the use and benefit of persons or members immediately upon the establishment of the presumption of death; the second would pay to the beneficiary the face value of the policy, less the premium payments which the insurer would have received if the insured had lived his life expectancy. Construed with the first bylaw above quoted these bylaws were held unreasonable and void.

We are satisfied with the rule announced in the foregoing cases and adhere thereto. We do not think the provision in the policy now before us for construction falls within the orbit of those cases. It does not change or purport to change any rule of evidence. It does not deny to the plaintiff the right to invoke the seven-year rule at the end of seven years' absence, nor does it purport to modify or

change any procedural rules established in this state. When the reason for the rule ceases, the rule should cease.

The question presented then is whether the provision in the policy now before us created a valid exception to the risks of the contract of insurance. In the case of *Schumacher v. National Travelers Benefit Association,* 118 Kan. 523, 235 Pac. 833, this court had before it the "eyewitness clause." The certificate provided that coverage would not extend to injury resulting from the discharge of a firearm unless the claimant should establish the accidental cause of the discharge by the testimony of a person, other than the insured, who actually saw this accidental cause in operation. In holding this clause to be, a valid exception, this court said:

"The provision in question is a limitation on the liability of the insurer, not a stipulation by which certain facts must be proved. The company had the right to make a contract limiting its liability. The insured accepted the policy with that limitation in it. The insurer and the insured were capable of contracting. They made a contract. This court will not change that contract by holding one of its provisions invalid, thereby creating a liability against the insurer when it had stipulated at the time the contract was made that it would not be liable under the conditions named." · (p. 524.)

We have held that suicide may be made a risk not insured against. (*Deweese v. Woodmen of the World,* 110 Kan. 434, 204 Pac. 523; *Hart v. Modern Woodmen,* 60 Kan. 678, 57 Pac. 936; *Power v. Modern Brotherhood,* 98 Kan. 487, 158 Pac. 870; *Myers v. Liberty Life Ins. Co.,* 124 Kan. 191, 257 Pac. 933; *Knights of the Maccabees v. Nelson,* 77 Kan. 629, 95 Pac. 1052.)

Public policy does not prevent parties to an insurance contract agreeing that death caused in military service in defense of the nation in time of war may be made an excepted risk. (*Bradshaw v. Insurance Co.,* 107 Kan. 681, 193 Pac. 332; *Lofstead v. Insurance Co.,* 110 Kan. 445, 204 Pac. 530; *LaRue v. Insurance Co.,* 68 Kan. 539, 75 Pac. 494.)

Parties may lawfully contract concerning the character and circumstances of the happening insured against, and by so doing lawfully except risks otherwise covered; but they may not contract concerning court procedure by which facts are established. (*Schumacher v. National Travelers Benefit Association,* supra.)

As it is clear the disappearance clause in the policy now before us does not strike down any rule of evidence and is not in itself unreasonable, we think the court erred in upholding the motion to strike this provision from the answer of the defendant, and for the reasons stated the case must be reversed. It is so ordered.