No. 36,230

Anna C. Newcomb, *Appellee*, v. The Victory Life Insurance Company, *Appellant*.

(155 P. 2d 456)

Opinion filed January 27, 1945.

*Barton E. Griffith,* of Topeka, argued the cause for the appellant.

*John A. Etling,* of Kinsley, argued the cause, and *W. N. Beezley,* of Kinsley, was on the briefs of the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action on a life insurance policy. The facts were stipulated. The sole legal question involved is whether

plaintiff's recovery should be for the face of the policy or only for the aggregate premiums paid. The trial court rendered judgment for the face of the policy. Defendant has appealed.

The facts are as follows: On June 26, 1941, defendant issued its policy of life insurance to Conroy Newcomb, age nineteen, in the sum of $1,000. The insured's mother, Anna C. Newcomb, was named as the beneficiary. The annual premium was $11.81. The policy had attached to it an accidental death benefit supplement, and for this there was an additional annual premium of $1.75. This supplement became inoperative if the insured entered military service. The policy provided, "the benefits, requirements and provisions stated on the following pages are a part of this policy." Under its general provisions was a paragraph relating to military and naval service in time of war, and this is the provision specifically involved here. The aggregate annual premium was $13.56, consisting of $11.81 on the regular life part of the policy and $1.75 on the accidental benefit supplement. The first premium of $13.56 was paid June 25, 1941, which kept the policy in force for one year. The second annual premiums of $13.56 were paid June 25, 1942, which kept the policy in force until June 25, 1943. The insured entered the military service of the United States in time of war on September 23, 1942, and defendant was informed of that fact on October 22, 1942. Since the accidental death benefit supplement became inoperative upon his entering army service, and since the premium therefor of $1.75 had been paid on June 25, 1942, the unearned portion thereof was $1.29. About June 1, 1943, defendant mailed to the insured a notice that an annual premium of $11.81, less a credit of $1.29, or $10.52, would be due on the policy June 25, 1943. No other notice of premium was mailed or given to the insured. The premium of $10.52 was paid on June 24, 1943, which operated to continue the policy in force to June 25, 1944, subject to all of the provisions of the policy, including those relating to military or naval service. The insured was killed in an aeroplane crash on August 19, 1943, while in military service in time of war. Proofs of death were made and defendant denied liability beyond the amount of the premiums paid by the insured for the reason the insured had not complied with the military and naval service clause of the policy. After this action was filed defendant tendered into court the full amount of the premiums paid by the insured, $37.64, as its full liability under the policy.

On January 12, 1942, defendant, by its governing body, fixed and

determined that the extra premium to be required under its war clause in the insurance policy referred to should be $25 per $1,000 of life insurance. No notice of such action was communicated to the insured and it was never endorsed on or attached to the policy. The defendant's contention is that the same was not required.

At no time after the insured entered military service did he pay or tender to defendant any additional premium by reason thereof. The defendant never asked the insured to pay any additional premium by reason of the fact that he had entered the military service. The insured paid all premiums the defendant asked him to pay. It is not contended that the insured, or the beneficiary named in the policy, ever knew of the action taken January 12, 1942, by defendant's governing body. The military and naval service clause of the policy reads as follows:

"6. MILITARY AND NAVAL SERVICE. If the Insured shall enter into, engage or take part voluntarily or otherwise in any branch of military, aeronautic, submarine, or naval service in time of war, and death shall occur prior to discharge from such service, or the insured shall die as a result of such service within six months after such discharge, the liability of the Company shall, in either event, be limited to the terminal reserve of this policy, unless before entering such service or within thirty days thereafter the Insured shall pay to the Company the extra premium required for engaging in such service in time of war, and shall pay annually thereafter in advance the premium for a like permit so long as such service is continued. Any total or permanent disability benefit accident insurance benefit, and/or Premium Return Clause contained in or attached to this policy shall become inoperative in the event of such service, but will be restored after discharge from such service upon evidence of physical condition satisfactory to the Company."

Appellant points out that our statute (G. S. 1941 Supp. 40-420, ¶ 2) permits life insurance companies to have their policies contain a war clause, and that G. S. 1935, 40-216, requires insurance companies doing business in this state to file with the insurance commissioner the form of their policies, and that the insurance commissioner may point out to an insurance company in what respect, if any, the form of the policy does not conform to the law. We do not understand that the insurance commissioner under this statute is authorized to concern himself with the form of the war clause an insurance company chooses to adopt unless he finds in such clause something which does not conform to our law. The cases collected in the annotations, 150 A. L. R. 1414, and other annotations there referred to, disclose that many forms of war clauses are used in life insurance policies. Apparently the insurer has the war clause pre-

pared in the form it desires. Like other provisions of insurance policies, a war clause susceptible of two or more interpretations will be given the one most favorable to the insured.

Appellant quotes the opening paragraph of the annotation on this subject in 137 A. L. R. 1263, to the effect that the validity of a provision in a life or accident policy or fraternal benefit certificate entirely releasing the insurer from, or in some way restricting its liability under the policy because of military service of the insured, is almost universally recognized. This court is in harmony with that general view.

In *LaRue v. Insurance Co.*, 68 Kan. 539, 75 Pac. 494, under the war clause the insured was permitted to serve in the military or naval forces of the United States in time of peace without prejudice to his policy, and in time of war, " 'by giving the company notice in writing, and paying an extra premium therefor, not to exceed three percent per annum upon the amount insured,' " and if the notice was not given and the extra premium paid the company would be liable for the reserve only on the policy. The insured was killed while in the military service of the United States, and without having given the company notice and paying the extra premium. It was held that the liability of the company was limited to the reserve on the policy. The war clause in that case differed from the one here in that it fixed an amount to be paid as an extra premium. This does not, but provides only that the insured shall pay the amount "required" by the insurer.

In *Bradshaw v. Insurance Co.*, 107 Kan. 681, 193 Pac. 332, the war clause provided in substance that if the insured engaged in military or naval service in time of war and his death occurred while so engaged the liability of the company was limited to a return of the regular premiums, unless before or within one month after engaging in such service " 'the insured shall secure permit for such service and pay to the company, . . . such extra premium as may be required.' " In short, the clause provided for the parties to have an additional agreement with respect to the premium to be paid while the insured was in military service. There is no such provision as that in this policy.

In *Lofstead v. Insurance Co.*, 110 Kan. 455, 204 Pac. 530 (118 Kan. 95, 234 Pac. 50), the war clause provided in substance that if the insured engaged in military service in time of war and death occurred during such engagement, the liability of the insurer was

limited to the cash surrender value of the policy at the date of death, " 'unless the insured shall have obtained the company's written consent and paid the extra premium therefor at its established rate.' " This also provided for an additional agreement with the parties and an additional payment of premium at a rate which had been or would be established and concerning the amount of which the insured necessarily would know. The war clause before us contained no such provision.

Here the war clause permitted the insured to enter the military service, but he should notify the company within thirty days, which was done, and was then to pay the additional premium required. The normal meaning of the word "required" is to demand; to claim as by right and authority; to exact. (Webster's International Dictionary.) See, also, 54 C. J. 691, where the word and various phrases are defined in cases cited, which include *State v. McCord,* 8 Kan. 232, and *Blair v. Blair,* 82 Kan. 464, 108 Pac. 827. Under the war clause here involved the insurer had the option to require an additional payment of premium. It did not do so. We think the resolution of its governing body of January 14, 1942, as to an amount to be required and of which no information was ever given to the insured, is not tantamount to a requirement of any specific sum for an additional premium. Indeed, when on June 1, 1943, the insurer sent a statement to the insured of the amount of his premium necessary to keep his policy in force for another year it made no requirement of any additional premium because of the fact that he was engaged in military service.

Under the above interpretation of the war clause in the policy in question and the facts as stipulated it seems clear to us that the judgment of the court below was correct and should be affirmed. It is so ordered.

BURCH, J., not participating.