ABRAM COHEN v. JOSEPH HAMILL.

1. **DEFAULT**; *Failure to Answer to Amended Petition.* Where a defendant has answered a petition, putting in issue all the averments thereof, and the plaintiffs afterward amend their petition in some mere matter of form not affecting his defense, as by alleging an assignment of the claim sued upon to one of the plaintiffs, or by joining new parties defendant, and the answer of such defendant to the original petition remains on file, such defendant is not required to answer the amended petition; and it is error for the court to adjudge him in default for want of an answer thereto.

2. **RECORD**; *Error must be Affirmatively Shown.* The entire record must be considered and construed, not disconnected parts thereof only, to determine the action of a tribunal whose proceedings are complained of. Where the record of the proceedings of the district court does not show any error, the judgment of such court will be affirmed.

*Error from Bourbon District Court.*

THE action below was originally commenced by *Joseph Hamill* and *J. H. Brockmire,* as partners. Defendant answered setting up several defenses. The questions determined are those of practice growing out of the fact that an amended petition was filed in the case. The facts are fully stated in the opinion. The case was heard in the court below, at the March Term, 1871. Judgment was given in favor of *Hamill,* and *Cohen* brings the case here on error.

*Hulett & Hill,* for plaintiff in error.

*M. V. Voss,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Hamill and Brockmire, as partners, brought their action on an account. The defendant Cohen answered, denying generally, etc. Trial was had before a jury. The verdict was for the plaintiffs. The verdict was set aside and a new trial granted. The plaintiffs then amended their petition, setting up one new fact only, to-wit, that the said account had been assigned to said Hamill, and asked that judgment be ren-

dered for Hamill alone. The defendant did not answer to this amended petition. Trial was again had—this time before the court alone—the record of which reads as follows:

"This day this cause came on to be tried; the plaintiffs appeared; the defendant failed to appear; and the court having examined the proofs and evidence, and being fully advised in the premises, doth find as follows, to-wit—that due service of summons has been made upon defendant; that defendant has failed to appear, answer or demur to the amended petition herein; that there is due to plaintiff Joseph Hamill from defendant A. Cohen, on the account set forth in plaintiff's petition, the sum of $578.23. It is therefore considered, ordered, and adjudged, that the plaintiff Joseph Hamill have and recover of and from the defendant A. Cohen the said sum so as aforesaid *found due*, and the costs of this action to be taxed herein."

The assignments of error are as follows: "1st, The said district court erred in adjudging that this plaintiff (as defendant below) was in default for want of an answer. 2d, The said court erred in rendering judgment against this plaintiff as upon default, there being an answer on file."

The defendant Cohen was clearly not in default for want of an answer. (See reasoning in case of *Stevens v. Thompson*, 5 Kas., 307 to 311.) He had answered, denying every fact set forth in the original petition, which was a denial of every fact but one as set forth in the amended petition. But did the court treat the defendant as in default? From the statements of counsel we suppose it did. But those statements are not the record, nor do they constitute any part of the record. And as counsel have not consented that we shall be governed by anything but the record we cannot look outside of the record. The record shows, as we think, that the case was *tried;* that *proof* and evidence was introduced at the trial; that the court *was fully advised in the premises*, and that the court found that there *was due* to the plaintiff Hamill the sum for which the judgment was rendered. But even if the record were silent as to whether the finding by the court of the liability of the defendant Cohen, together with the amount due upon the account, was upon sufficient evidence, still it would hardly be proper for

Kansas Pacific Rly. Co. v. Reynolds.

us to presume error, or to presume against the regularity of the proceedings, for all presumptions are in favor of the regularity of the proceedings of a court of record, and error is never presumed, but must always be affirmatively shown by the party alleging the same.

No question has been raised in this court as to whether the court below erred in trying the case itself, and in not submitting the same to a jury, and probably no such question could plausably be raised. The defendant, by not appearing at the time the case came on to be heard, waived his right to a jury trial: Civil Code, § 289. As no error is apparent upon the record, the judgment of the court below must be affirmed.

All the Justices concurring.