The opinion of the court was delivered by
Valentine, J.:
This was an action of replevin. The record as brought to this court shows that sometime in 1872 Esterly, as plaintiff, commenced this action by filing a petition, etc. None of the contents of this petition are given in the record. Afterward, to-wit, October 5th 1872, the defendant below, Brookover, filed an answer to said petition, which answer was a general denial. Afterward, on February 28th, 1873, the plaintiff filed an amended petition, which is set out in full in the record. No answer was ever filed to this amended petition. Afterward the case was tried by the court, a jury being waived, and the court made special findings of fact and of law. The special findings are set out in full, but none of the evidence upon which they were made has been brought to this court. Judgment was rendered in favor of the plaintiff below, and the defendant below now brings the case to this court.
In his brief, plaintiff in error claims that said judgment is *151 erroneous, and that judgment should be rendered by the supreme court in his favor on the special findings because, 1st, the court below nowhere finds that the plaintiff below was at the commencement of said suit, or at any time since, the owner of said property, and entitled to the possession thereof; 2d, that the special finding is in place of a special verdict, and must contain every fact affirmatively which is necessary to sustain the judgment. If the plaintiff in error means to say by the foregoing that the interest of the plaintiff below in said property, as set forth in the plaintiff’s amended petition, and attempted to be found by the court below, is not sufficient to sustain an action of replevin,' then we think the plaintiff in error is clearly mistaken. But if he means to say that the findings in and of themselves are not sufficient to sustain replevin, he may possibly be correct; and yet it is immaterial whether the findings in and of themselves are sufficient to sustain replevin or not, for we never consider findings separately and alone, but always in connection with the pleadings. And if the facts admitted by the pleadings, and the facts found by the court, considered together, are sufficient to sustain the judgment of the court below, that is all that is required.
In this state it is not necessary that a plaintiff in replevin should be the absolute owner of the property in controversy, in order to maintain the action. If he “has a special ownership or interest therein,” that is all that is necessary. (Civil code, § 177, sub. 2.) In the present case the plaintiff claimed the property in controversy under a chattel mortgage given to him by one John W. Berry, who was then the owner of the property, to secure the payment of a debt from Berry to himself, which debt had long been due when this suit was commenced. The mortgage itself contained a stipulation that the plaintiff might take possession of the property and sell it -if default should be made in the payment of said debt. But this the plaintiff could have done under the statutes, without any such stipulation: (Gen. Stat., 585, ch. 68, §§ 15, 17.) Default was made in the payment of the debt, and the plain *152 tiff then demanded the property of the present defendant, who was then in possession of the property, but who had constructive notice of the mortgage, and was not a bona fide purchaser of the property. The language of the finding of the court upon this latter subject is as follows: “The court-fails to find that the defendant is a bona fide purchaser of the property for a valuable consideration.” The defendant refused to deliver the property to the plaintiff. We think the interest of the plaintiff in said property was sufficient to authorize an action of replevin.
Are the findings of the court below sufficient? This is difficult to determine from the record brought to this court. Issues in a case are always made up by the pleadings. (Civil, code, § 261.)' “An issue of fact arises, first, upon a material allegation in the petition, controverted by the answer; or, second, upon new‘matter in the answer, controverted by the reply; or, third, upon new matter in the reply, which shall be considered as controverted by the defendant without further pleading.” (Code, § 264.) The only issues made up in this case were those that arose upon the allegations of the original petition by the same being controverted by the defendant’s general denial. A trial is a judicial examination of the issues, whether of law or of fact, in an action. (Code, § 265.) “The first rule governing in the production of evidence is, that the evidence offered must correspond with the allegations and be confined to the point in issue.” (1 Greenl. Ev., § 51.) And the findings in a case, whether by the court, jury, or referee, must always be founded upon the issues, and deduced from the evidence introduced on the trial. “ Every finding of fact by the court not founded upon any issue made by the pleadings is a nullity, and the court cannot find against the facts as admitted by the pleadings.” (Brenner v. Bigelow, 8 Kas., 497, 500.) It would even be error, though not a material one, for the court, jury or referee, to embody in the findings facts which, had already been admitted by the pleadings. A judgment in an action is founded upon the facts admitted by the pleadings and those found by the court, *153 jury, or referee, taken together, and it is not necessary that either alone should be sufficient to sustain the judgment. In the present case we cannot tell what were the issues tried by the court, and therefore we cannot tell wh&t facts should have been found by the court. We do not know what facts were stated in the original petition, and therefore we cannot tell what facts were denied by the defendant’s answer. We cannot tell from the record how many of the facts related in the amended petition were not stated in the original petition, and therefore we cannot tell how many of the facts stated in the amended petition were not denied by the answer of the defendant previously filed. Of course, the defendant was not in default by not filing an answer to the amended petition; (Stevens v. Thompson, 5 Kas., 308 to 310; Cohen v. Hamill, 8 Kas., 622; Cavanaugh v. Fuller, 9 Kas., 534, 535;) but still no fact stated in the amended petition Avas in issue on the trial unless such fact had previously been stated in the original petition; for no facts alleged by the plaintiff were denied by the defendant, except such facts as Avere stated in the original petition; and under our system of pleading and practice “every material allegation of the petition, not controverted by the answer, shall for the purposes of the action be taken as true.” (Code, § 128.) It is possible that by a very liberal construction of the findings of the court below they alone would sustain the judgment, even if every allegation of the amended petition had been denied. But it would require a very liberal construction. The principal defect in the findings is, that they do not show, except inferentially, that Berry the mortgagor ever Avas the owner of said property; but this defect in the findings is amply supplied by the allegations of the amended petition. The inference to be drawn from the findings of the court, that Berry was the owner of said property at the time he mortgaged it, is so strong, that we should probably affirm the judgment even if every allegation of the amended petition had been denied.
The judgment of the court below is affirmed.
All the Justices concurring.