CHARLES KUHUKE V. WILEY WRIGHT.

PRACTICE; *Answer; Default; Error.* The plaintiff below, defendant in error, brought his action before a justice of the peace, claiming in his bill of particulars $50, deposited with the defendant below, plaintiff in error, as a stakeholder on a bet on a horse race. The defendant did not file any bill of particulars. The case was appealed to the district court, and the district court allowed the plaintiff to amend his bill of particulars by adding thereto the following words: "which said sum of money the defendant refused to pay, and still refuses to pay;" and the court then, on its own motion, made the following order: "The defendant is allowed to answer said amended bill of particulars within twenty days from this date;" but the court did not make any order requiring the defendant to so answer; and afterward the court, over the objections and exceptions of the defendant, rendered judgment in favor of the plaintiff and against the defendant, without any evidence being introduced, as on a default. *Held*, That the said order of the district court allowing the defendant to answer was merely permissive; that the defendant was not in default; and that the court below erred in rendering judgment against the defendant without any evidence being introduced, as on a default.

*Error from Wilson District Court.*

ACTION brought by *Wright* against *Kuhuke*, to recover $50 deposited by plaintiff with defendant, as a stakeholder on a bet on a horse race. At the February Term, 1878, of the district court, *Wright* had judgment against *Kuhuke*, who brings the case here.

*Hudson & Short*, for plaintiff in error.

*S. S. Kirkpatrick*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Wiley Wright against Charles (Carl) Kuhuke, before a justice of the peace, to recover from Kuhuke $50, deposited with him as a stakeholder by Wright, on a bet on a horse race. Wright filed a bill of particulars in the justice's court, but Kuhuke did not file any. The case was tried in the justice's court, and judgment rendered therein, and then appealed to the district court. In the district court, the defendant Kuhuke demurred to the plaintiff's bill of particulars, on the ground that it did not state a cause of action, and the district court sustained the demurrer. The plaintiff then, on leave of the court, amended his bill of particulars by interlineation, by simply adding thereto the following words: "which said sum of money the defendant refused to pay, and still does refuse to pay." This amendment was allowed by the court, as the record shows, "on application of the plaintiff." Then follow the following words: "The defendant is *allowed* to answer said amended bill of particulars within twenty days from this date." It does not appear that the defendant asked to answer or to file any pleading of any kind, and it does not appear that the court *ordered* him to do so.

Afterward, the case came regularly on for trial. "The plaintiff asked for judgment by default, to which the defendant, by his counsel, objected. Whereupon the court asked defendant if he had answered, or desired to answer;

30—22 KAS.

to which the defendant replied, no answer was necessary. Whereupon the plaintiff took the following judgment as upon default, and without introducing any evidence or proof in support of his bill of particulars;" to all of which the defendant duly excepted.

Said judgment was an ordinary judgment on default, except that it contained the following words:

"And it appearing to the court that said defendant has failed and neglected to plead, answer or demur to the amended bill of particulars of the plaintiff, being filed as required by a previous order of this court made at its last term, and the said defendant by his attorneys stating in open court that he did not desire to answer, but objected to any judgment being rendered in the case, therefore, in consideration of such default, a jury being waived by the plaintiff, it is considered that the plaintiff recover," etc.

The defendant below, as plaintiff in error, now brings the case to this court, and claims that the court below erred — first, in permitting the plaintiff below to amend his bill of particulars; and, second, in rendering a judgment against the defendant, as on a default.

I. We do not think that the court below erred in permitting the plaintiff below to amend his bill of particulars. The amendment was scarcely, if at all, material; and it was properly allowed for the purpose of making the bill of particulars more specific and definite. Both the justices' code and the civil code permit amendments.

II. We think the court below erred in rendering judgment as upon default. The defendant in this case was not in default. A defendant could probably never be in default for want of a pleading in a justice's court. He is never required to file a pleading in a justice's court except when he wishes to claim a set-off, and then only when he is required to do so by the plaintiff. (Gen. Stat., 791; *German v. Ritchie*, 9 Kas. 106, 111.) And if the case is appealed to the district court, it is there tried "upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, *allow* amended pleadings to be made, or

new pleadings to be filed." (Laws of 1870, p. 184, § 7.) Undoubtedly the district court may "allow" a party to file a new or amended pleading; and in some cases the court may even *require* such a thing to be done—and this it may do with or without the statute just quoted. But to *allow* a party to file a pleading and to *require* him to do so are very different things. In the present case there was no order made requiring the defendant to file any pleading. The only order made with reference to the defendant's filing a pleading was an order merely *permitting* him to do so; and this order seems to have been made on the court's own motion, merely as a gratuity to the defendant, and not at the request of either party. When the judgment was rendered there was no order in existence *requiring* the defendant to plead, and the judgment itself could not make the order. The judgment was rendered simply as settling and establishing the legal rights of the parties as they existed at and before the time of the rendition of the judgment. This case differs from the case of *Sewing Machine Co. v. Redfield*, 18 Kas. 555. In that case the parties agreed, and the court ordered accordingly, that the answer should be filed in twenty days, and the defendant violated both his agreement and the order of the court.

In an action commenced in the district court, if the plaintiff amend his petition, setting forth additional facts, the defendant will generally be in default with reference to these additional facts, unless he answer thereto; but if he was not previously in default with reference to the facts as set forth in the original petition, then the amendment of the petition cannot of itself have the effect of so placing him in default that a judgment may rightfully or properly be rendered against him as on a default. (*Stevens v. Thompson*, 5 Kas. 305; *Cohen v. Hamill*, 8 Kas. 621; *Cavenaugh v. Fuller*, 9 Kas. 233; *Brookover v. Esterly*, 12 Kas. 149, 152, 153.)

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.