# Kelly vs. Bliss.

*January 10 — February 7, 1882.*

CONTRACTS: RESCISSION: CONSIDERATION. *(1) Rescission of contract by destruction of property. (2) Rights of tenant in common of personalty, not in possession. (3) Consideration for rescission of contract.*

PLEADING. *(4–6) Answering amended complaint. When original answer liberally construed.*

1. If personal property is totally destroyed during the existence of an executory contract for the sale and purchase of an interest therein, this is equivalent to an unqualified rescission of the contract, and the vendee may recover so much of the contract price as has been paid.

2. Where the property was a vessel, and the contract of sale was executed, so that title to the interest sold vested in the vendee, and the vessel was afterwards run by the other owners, and they recovered the damages for her destruction from the person liable therefor, the vendee of such interest was entitled to an accounting by such other owners, of his share in the net proceeds of the use of the vessel and of the net amount of the damages recovered; but he could not recover purchase moneys paid by him.

3. A contract (in this case for the sale of personal property) may be modified and perhaps rescinded without any *new* consideration; and in case of a rescission the release of each party from the obligations of the contract is a sufficient consideration.

4. Where a complaint is amended after answer, new averments will be taken as admitted unless a further answer thereto is made, except where the averments of the first answer are sufficiently broad to meet such new averments.

5. In such a case, where the objection that there is no answer to the new averments of the complaint is first taken in the appellate court, the answer will be construed liberally in favor of the defendant. And in this case, where the answer, after alleging that the sale of the interest named in the complaint was made to defendant's wife, and not to defendant himself, further averred that this was *the only contract* for the sale of any interest in said vessel ever made between plaintiff and defendant, this is held a sufficient denial of a new averment in the amended complaint of a subsequent agreement to rescind the contract of sale and repay the moneys paid thereon.

[6. A *general denial* pleaded to a complaint cannot operate as a denial of new averments of fact in an amended complaint.]

APPEAL from the Circuit Court for *Racine* County.

The amended complaint alleges that in February, 1868, the defendant, being the owner of a one-half interest in a vessel known as the Mechanic, contracted to sell to the plaintiff one-sixth of his interest therein, or a one-twelfth interest in such vessel, for the consideration of $675; that the plaintiff paid the defendant $400 on account of such purchase, at or about the time when the contract was made, and $50 additional in July following, and it was agreed that the balance of the purchase money should be paid out of the plaintiff's one-twelfth share of the net earnings of the vessel for 1868, if sufficient, and, if that was not sufficient, the plaintiff should pay the deficiency in cash; that plaintiff sailed the vessel as master during the season for navigation of 1868, and no account of her net earnings has ever been rendered to him; that in November, 1868, the vessel was wrecked and destroyed, through the negligence of a certain tug known as the Margaret; and that subsequently the owners of the Mechanic brought an action in the district court of the United States against the tug Margaret and the owners thereof, to recover damages for the destruction of the vessel, and recovered $14,809.62, one-half of which was paid to the defendant in May, 1877.

It is further alleged that previously to and about the time such action was commenced, "defendant requested plaintiff to aid defendant and the other owners aforesaid of said vessel Mechanic in the prosecution of the aforesaid action, and thereupon defendant promised and agreed with plaintiff that if plaintiff would be present and give his testimony therein in behalf of defendant and the other owners aforesaid, and would render such further aid and assistance therein as should be in plaintiff's power, then, in consideration of plaintiff's said services, the defendant would pay to plaintiff the said sum of $450, and interest thereon, in case defendant and other owners should recover their damages sued for in said action as aforesaid, whenever said damages should be received;" that the

Kelly vs. Bliss.

plaintiff. fulfilled such condition on his part; and that, after recovery in the action against the tug, the defendant renewed his promise to pay the $450 and interest to the plaintiff "whenever defendant should receive his damages sued for as aforesaid."

This action was brought to recover said sum and interest. The original complaint made no mention of the alleged agreement of the defendant to repay the $450 and interest. With that exception it was very similar to the amended complaint. The defendant answered the original complaint, alleging large expenditures by the defendant on account of the Mechanic, and that no account thereof or of the earnings of the vessel had ever been stated, and that plaintiff had never paid or offered to pay any portion of such expenditures. The answer alleges that the sale by the defendant of a one-twelfth interest in the vessel was to the plaintiff's wife, and not to the plaintiff; and it concludes with the following averment: "Defendant further alleges that the contract for the sale of a one-twelfth interest in said vessel to the said Marcellas S. Kelly, hereinbefore referred to, is the only contract for the sale of any interest in said vessel ever made between plaintiff, either personally or as agent, and defendant, and is the same contract mentioned in the complaint." No further answer was interposed to the amended complaint.

On the trial, the testimony of the plaintiff tended to prove the contract to repay the $450 and interest, alleged in the amended answer. At the close of the plaintiff's testimony, the counsel for the defendant moved the court as follows: "I move the court for a nonsuit; and let me say that the plaintiff has shown no contract outside of the original to purchase one-twelfth of that vessel; and for this reason: A contract, in order to be a valid contract, and to amount to a contract, must be based on some consideration, and the consideration must be some legal consideration; must be the doing of some act that he was not legally bound to do, or required to do as a

matter of duty that he owed to his copartners." The court granted the motion. Judgment of nonsuit was duly entered, from which the plaintiff appealed.

*Edwin White Moore*, for appellant.

For the respondent there was a brief by *Fish & Dodge*, and oral argument by *Mr. Fish*.

LYON, J. The theory of the original complaint was, that the contract between the parties for the purchase and sale of a one-twelfth interest in the vessel was purely executory; that no title passed to the plaintiff, and hence the vessel was at the risk of the defendant until the contract should be executed by an actual transfer of such interest to the plaintiff. If that theory is correct, the destruction of the vessel while the contract remained executory would incapacitate the defendant from conveying the agreed interest to the plaintiff, and there would be a total failure of consideration. It would be equivalent to an unqualified rescission of the contract, and the plaintiff could recover the sums he had paid on account thereof.

The theory of the answer seems to be, that, if there was any contract between the parties in respect to a sale of an interest in the vessel, it was so far executed as to vest in the plaintiff the title to a one-twelfth interest therein. In that case it is quite obvious that, in the absence of any subsequent agreement, and under the circumstances of this case, the plaintiff could not maintain an action of *assumpsit* to recover back the money he had paid on account of his purchase. His remedy would be for an accounting between the owners, of the earnings of the vessel and the expenses and proceeds of the action against the tug; and he could only recover his proportionate share of the net earnings, and of the net balance realized on the judgment in such action. These remarks go upon the hypothesis that there was a total loss of the vessel. If there was not a total loss, then the cost of repairing or re-

building the vessel (she having been rebuilt) may become an element in the accounting.

Without discussing the proposition, it is sufficient to say that we think the testimony of the plaintiff shows that the original agreement was so far executed that the title to one-twelfth of the vessel passed to and was in the defendant.

In his amended answer the plaintiff changed or rather enlarged the grounds of his action. He therein seeks to recover on the subsequent conditional agreement of the defendant to repay the money received by him on account of the original purchase by the plaintiff of an interest in the vessel. The validity of this agreement is attacked on the ground that it is unsupported by any legal consideration. This presupposes that some new consideration, moving between the parties, is essential to the validity of the agreement; but we think the law is otherwise. We take it to be well settled that the parties to a contract may, by mutual agreement, vary or modify its terms, or rescind it, without any new consideration therefor. In the case of a modification or change of a contract, the consideration for the original agreement is imported into the new agreement which is substituted for it. Per Lord DENMAN, in *Stead v. Dawber*, 10 Ad. & El., 57; *Brown v. Everhard*, 52 Wis., 205. See also *Goss v. Lord Nugent*, 5 Barn. & Ad., 58. No good reason is perceived why the same principle does not. apply to the rescission of a contract. But if it does not, the result is the same. In the case of rescission each party is released thereby from the obligations of the rescinded contract. This would seem to furnish a sufficient new consideration, if one is essential to the validity of the agreement to rescind.

In *Wells v. Millet*, 23 Wis., 64, specific performance of a contract was refused for the reason, amongst others, that the parties had mutually agreed to rescind such contract. There is no discussion in that case of the question under consideration, neither is there any suggestion of a new and independent consideration, or that one is essential to the validity of the rescission.

The conditional contract alleged in the amended complaint, the conditions having been fulfilled, was, in substance and effect, a rescission of the original contract, and left the parties in the same position as though the plaintiff had never purchased an interest in the vessel. It relieved the plaintiff from any liability as part owner, incurred on account of the vessel, to the defendant, and the defendant from all liability to account to the plaintiff for her earnings, or the proceeds of the suit received by him. The conditions, to wit, recovery against the tug and her owners, and collection of the damages, were fulfilled, and the contract to repay the $450 to the plaintiff thereby became absolute. Within the rules above stated, we must hold that the contract alleged in the amended complaint is valid, and, if made, is ground for maintaining this action; and because the testimony tends to show that the parties made such contract, it was error to nonsuit the plaintiff.

The defendant did not interpose an answer to the amended complaint, but stood upon his answer to the original complaint. It is claimed that those allegations of the amended complaint which are not also contained in the original, stand admitted for want of an answer. Doubtless the defendant may, if an amended complaint be interposed, stand upon his answer to the original complaint, and it will be effectual as to all averments common to both complaints. It may also be sufficiently broad to reach new averments. But if it is not, such new averments will be taken as admitted, unless a further answer thereto is made. In this case we think the averment in the answer that the contract stated in the original complaint is the only contract for the sale of any interest in the vessel ever made between the parties, is sufficiently broad to reach the new averments in the amended complaint, and should be regarded as a denial thereof. This may be a somewhat liberal construction of the answer in favor of the defendant; but in view of the fact that the objection is first made in this court, the defendant is entitled to a more liberal construction of his pleading than would be given to it had the ob-

jection been taken earlier. See *Hazleton v. Union Bank*, 32 Wis., 34, and cases there cited. Regarding the alleged rescission of the original contract as substantially a purchase by the defendant of the one-twelfth interest in the vessel which he theretofore sold to the plaintiff, the denial in the answer is a denial of the alleged rescission. To avoid misapprehension, it should be remarked, however, that we do not think a general denial pleaded to a complaint can operate as a denial of new averments of fact in an amended complaint.

The judgment of the circuit court must be reversed, and the cause will be remanded for a new trial.

*By the Court.*— So ordered.