CHARLES H. ERMENTROUT and Another v. AMERICAN FIRE INSURANCE COMPANY OF NEW YORK.[1]

December 13, 1895.

Nos. 9642—(203).

**Amendment of Complaint—Necessity of Answer.**

Where a complaint is amended after answer, the defendant may answer anew if he elects, but he is not bound to do so; and, if he does not, the answer to the original will stand as the answer to the amended complaint, and the defendant will not be in default except as to the new or additional facts not put in issue by his answer.

Appeal by plaintiffs from an order of the district court for Hennepin county, Smith, J., setting aside the judgment and directing that the original answer stand as the answer to the amended complaint. Affirmed.

*Merrick & Merrick*, for appellants.

*Kueffner, Fauntleroy & Rice*, for respondent.

MITCHELL, J.[2] Action on a policy of fire insurance issued by defendant to plaintiff Ermentrout on his warehouse building, the loss payable to him or to the Security Bank of Minnesota to the extent of its interest in the property. The complaint alleged generally an assignment by the Security Bank to plaintiff Maxcy of all its interest in the policy. To this complaint an answer was served, admitting the issuing of the policy as alleged, but denying that the property

[1] Reported in 65 N. W. 270.          [2] Buck, J., absent, took no part.

insured was ever damaged by fire, and alleging that the building fell down, and that such fall was not caused by fire. The answer also alleged the existence of "contributing" insurance, and that the defendant had no knowledge or information sufficient to form a belief as to the alleged assignment by the Security Bank to Maxcy. To this answer, plaintiffs interposed a reply. After the cause was thus at issue, the plaintiffs, with the leave of the court and the consent of the defendant, served an amended complaint. The amendment consisted merely of a specific statement of the origin and extent of the interest of the Security Bank in the insured premises. To this amended complaint the defendant did not interpose any new answer; and, after the lapse of some months, the plaintiffs, without notice to defendant, entered judgment against it for the amount claimed in the complaint as on default of an answer. From an order granting defendant's motion to set aside this judgment, the plaintiffs appeal.

The judgment was wholly unauthorized, and the court was clearly right in setting it aside. Counsel for the plaintiffs proceeded upon the erroneous idea that, inasmuch as an amended pleading supersedes the original, therefore all subsequent pleadings are also superseded, and cease to be a part of the record, and hence an answer to the original cannot stand as an answer to the amended pleading.

This was not the rule either at common law or in equity, and the rule has not been changed by the Code.[3] The rule in common-law actions is correctly stated in 1 Tidd, Prac. 708, as follows: "After an amendment of a declaration, the defendant is at liberty to plead de novo, that is, he may do so if he has occasion, or thinks proper, but he is not obliged to vary his first defense." Also: "Anciently, it seems, the defendant did not plead de novo after an amendment, * * * but he is now at liberty to do so when the amendment is of such a nature as to occasion any alteration in the plea, but not otherwise." Id. note. The chancery practice was the same. If a bill was amended after answer, the defendant was not required to put in a new or further answer, unless the amendment consisted of the allegation of new facts which would vary the rights of the parties; and even in that case he was not required to file an entirely new answer, repeating the allegations of his original one, but merely a supplemental answer to the new facts alleged in the amended bill. Bowen v. Idley, 6 Paige, Ch. 46.

3 G. S. 1894, c. 66.

In short, when a complaint is amended after answer, the defendant is not bound to answer de novo. He may do so if he chooses; but, if he does not elect to do so, his original answer stands as his answer to the amended complaint; and in such case he will not be in default except as to the additional facts set up in the amended complaint, and not put in issue by the answer. A full discussion of the authorities on this question by the late Chief Justice Dixon will be found in Yates v. French, 25 Wis. 661. See, also, Kuhuke v. Wright, 22 Kan. 464; Kelly v. Bliss, 54 Wis. 187, 11 N. W. 488.

Order affirmed.