# MARGARET J. KELLY v. C. W. ANDERSON.[1]

June 8, 1923.

No. 23,408.

**Order appealable.**

1. An order refusing to vacate an unauthorized judgment is appealable.

**Jurisdiction of municipal court on appeal from justice.**

2. On appeal from a justice of the peace to the municipal court of the city of St. Paul, the municipal court acquires jurisdiction of the action when the justice's return is filed in the appellate court and not before.

**Answer to original complaint may stand as answer to amended complaint.**

3. Where a new complaint is filed amending the original complaint, after answer, the answer may stand as the answer to the amended complaint, and the defendant will not be in default except as to new matted not put in issue by the answer previously filed.

From an order of the municipal court of St. Paul denying his motion to vacate a judgment, Boerner, J., and to annul the writ of execution issued thereon, defendant appealed. Reversed.

*W. L. Chapin,* for appellant.

*John F. Kelly,* for respondent.

QUINN, J.

This action was brought in justice court under the Forcible Entry and Detainer Act to obtain possession of a dwelling which defendant was occupying. Pleadings were filed and a trial had. The defendant was occupying the premises as a tenant from month to month, paying his rent monthly in advance. The issue was as to whether the tenancy was terminated by the service of a proper notice upon the defendant. There was a trial, and the court rendered judgment in favor of the defendant. From such judgment plaintiff

[1]Reported in 194 N. W. 102.

appealed to the municipal court of St. Paul, upon questions of both law and fact.

The trial was had before the justice on September 6, 1921. The time of the entry of judgment in that court does not appear. A request for a return on the appeal was made upon the justice on September 20, 1921. The justice filed his return, including the pleadings, with the municipal court September 29, 1921. Two days prior to the filing of such return the municipal court issued and filed an order permitting plaintiff to file and serve a complaint, and that defendant file his answer thereto within 10 days and that plaintiff have 5 days in which to reply. Accordingly, on October 17, 1921, plaintiff filed a new and different complaint amending the one filed in justice court. A copy of this complaint was served on defendant's attorney at the time. On December 8, 1921, counsel for plaintiff made and filed an affidavit, stating in effect that no answer or demurrer to such complaint had been served and demanding judgment for the relief asked in the complaint. Whereupon the court granted plaintiff's application, reversed the judgment of the justice and ordered judgment, for want of an answer, upon the complaint so filed, in favor of the plaintiff for possession of the premises, with costs and disbursements. Judgment was so entered upon the same day, including costs and disbursements taxed at $21.50. On March 7, 1922, defendant made a motion asking that the judgment be vacated and set aside, and that the execution issued thereon be annulled. The motion was submitted upon the record and affidavits made and filed on behalf of the defendant. On November 27, 1922, the court filed an order denying the motion to vacate the judgment. From such order the defendant brings this appeal.

An order refusing to vacate an unauthorized judgment is appealable. Section 8001, G. S. 1913; Piper v. Johnston, 12 Minn. 27 (60); People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Halvorsen v. Orinoco Mining Co. 89 Minn. 470, 95 N. W. 320; Commissioners of Aitkin County v. Morrison, 25 Minn. 295; Truesdale v. Farmers L. & T. Co. 67 Minn. 454, 70 N. W. 568, 64 Am. St. 430. The municipal court acquired jurisdiction upon filing the return from justice court and not before. Section 7604, G. S. 1913; Christian v. Dorsey,

69 Minn. 346, 72 N. W. 568. The answer filed in the justice court and included in the justice's return to the municipal court stands as the answer to the amended complaint. Ermentrout v. American F. Ins. Co. 63 Minn. 194, 65 N. W. 270; Yates v. French, 25 Wis. 661; Kelly v. Bliss, 54 Wis. 187, 11 N. W. 88; Kuhuke v. Wright, 22 Kan. 464. In the instant case the municipal court had not acquired jurisdiction at the time of making and filing the order for judgment against the defendant. Nor was the defendant in default for want of an answer. The answer filed in the justice court contained a general denial, and denied that notice terminating the lease had ever been served upon him. The judgment of the municipal court was unauthorized and the order refusing to vacate the same was error. No statutory costs allowed.

Order reversed.