[Civ. No. 2838. Third Appellate District.—October 2, 1924.]

SOUTHERN PACIFIC COMPANY (a Corporation), et al., Petitioners, v. THE SUPERIOR COURT OF SOLANO COUNTY et al., Respondents.

[1] DISMISSAL—CONSTRUCTION OF CODE SECTION—TIME.—Section 583 of the Code of Civil Procedure, which provides that "any action . . . shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred ., . . , unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended," must be read in connection with section 17 of said code, specifying that the singular number includes the plural, so that the period of time making up the five years begins to date from the legal filing of the last answer or pleading which becomes a part and parcel of the defendant's answer.

[2] ID. — PLEA IN ABATEMENT — ALIENAGE AS DEFENSE — PLEADING. — Whatever may be the correct term under the common law to designate a plea in abatement setting up the defense that the plaintiff is an alien enemy, section 433 of the Code of Civil Procedure makes it an answer; and such defense must be taken advantage of by answer, where nothing appears on that subject in the complaint.

[3] ID. — DEFENSE OF ALIENAGE — SUPPLEMENTAL PLEADING — TIME. — Where the defense of alienage does not exist at the time of filing the complaint, or even at the time of filing of defendant's answer, but subsequently arises, a supplemental answer and plea in abatement setting up such defense does not become an answer in the case until entry of the order of the court granting leave to file the same; and the five year period mentioned in section 583 of the Code of Civil Procedure runs from the entry of such order, and

---

1.   See 9 Cal. Jur. 539-547.

not from the date of filing of the notice of motion for leave to file such supplemental pleading.

[4] ID.—PLEA IN ABATEMENT—ISSUE—BURDEN OF PROOF.—Where a supplemental answer setting up a plea in abatement or bar is filed, the merits of plaintiff's case are not the subject of inquiry on the trial of the plea in abatement, the only issue determinable being the *matter of abatement*; and upon the trial of such issue the burden of proof is upon the one setting up such affirmative plea.

---

., (1) 18 C. J., p. 1193, sec. 111; 36 Cyc., p. 1123.   (2) 31 Cyc., p. 184 (Anno.).   (3) 18 C. J., p. 1193, sec. 111.   (4) 1 C. J., p. 275, sec. 603, p. 276, sec. 604; 31 Cyc., p. 186.

APPLICATION for a Writ of Mandate directed to the Superior Court of Solano County, and W. T. O'Donnell, Judge, requiring dismissal of an action for want of prosecution. Writ denied.

The facts are stated in the opinion of the court.

Frank McGowan for Petitioners.

Frank W. Aitken for Respondents.

PLUMMER, J.—This is an application by petitioners for a writ of mandate directed to the respondents, requiring the dismissal for want of prosecution of a certain action now pending in the superior court of the county of Solano, No. 4529, and entitled *"Antone A. Lewohl,* Plaintiff, v. *Southern Pacific Company, a Corporation, and John Stathakis,* Defendants."

The record of said court concerning the cause last referred to, as presented to us, shows the following proceedings: Complaint filed March 26, 1913; answer of the defendants filed October 23, 1916, and notice of motion for leave to file supplemental answer and plea in abatement filed August 6, 1917, setting August 13, 1917, as the date of the making of said motion.

On or about the twenty-seventh day of November, 1917, the following stipulation was filed in said cause, to wit:

"It is hereby stipulated that the motions of defendants for leave to file Supplemental Answer and to dismiss, and

the trial of the above entitled case, may all be continued from December 4th, A. D. 1917, to such date in January or February, 1918, subsequent to January 15th, 1918, as may be convenient to the above entitled Court.

"Dated: San Francisco, November 27th, 1917.

"AITKEN & AITKEN,
"Attorneys for Plaintiff.
"FRANK MCGOWAN,
"Attorney for Defendants."

On the eighth day of October, 1923, the defendants moved the trial court to dismiss action No. 4529 pending therein on the ground that more than five years had elapsed since the filing of the defendants' answer therein and that no stipulation in writing or otherwise was ever entered into by the parties extending the five year period within which an action may be brought to trial as provided by section 583 of the Code of Civil Procedure.

On the twenty-ninth day of April, 1924, the trial court made and entered the following order: "It is Ordered in the above entitled case that defendants' motion to dismiss be and the same is denied; and it is further Ordered that said case be placed on the calendar to be on Monday, the 19th day of May, 1924, set for trial and that due notice be given of the setting of this case for trial."

On Monday, May 19, 1924, the court in the matter of said action No. 4529 made and entered the following order: "It is ordered in the above entitled cause that the defendants' motion to file an amended and supplemental answer and plea in abatement be and the same is granted and it is further ordered that defendants' motion to dismiss upon the ground of alienage be and the same is denied and it is further ordered that this order be entered *nunc pro tunc* as of October 8th, 1923."

It appears further from the record that on October 8, 1923, prior to the actual making of defendants' motion to dismiss, the plaintiff consented to the granting of defendants' motion for leave to file therein supplemental answer and plea in abatement following which the motion to dismiss for want of prosecution on the grounds hereinbefore stated was argued and submitted to the trial court.

The supplemental answer and plea in abatement presented by the defendants at the time of the giving of notice of their motion for leave to file the same and actually marked filed by the clerk of said court reads as follows:

"And now, come the defendants, and by leave of Court first had and obtained, file this their supplemental a·· ¬wer and plea in abatement in this cause, and for defense and by way of such plea allege:

"I.

"That the above entitled action was commenced on the 26th day of March, 1913, and is now pending in the above named Court set for trial August 21, 1917, before the Court and a jury.

"II.

"Defendants allege upon information and belief that the co-defendant John Stathakis is now and was at the time of the commencement of this action, a citizen of the United States of America, and a resident of the State of California.

"III.

"Defendants further allege on information and belief that the plaintiff Antone A. Lewohl was born in and is a native of Schabach, Germany.

"IV.

"That said plaintiff is not and never has been a naturalized citizen of the United States of America.

"V.

"And defendants further allege that a state of war now exists between the Imperial Government of Germany and the United States of America.

"VI.

"Defendants further allege upon information and belief, that the plaintiff is now an alien enemy of the United States of America and as such alien enemy is adhering to the Imperial Government of Germany; and defendants are advised and upon such advice allege that as such alien enemy the plaintiff ought not to have or maintain this action.

"Wherefore defendants pray that this action may be dismissed and that plaintiff take nothing thereby; and for such

other and further relief as to the court may seem meet in the premises.

"FRANK McGOWAN,<br>"Attorney for Defendants."

It appears from the record that the motion for leave to file a supplemental answer and plea in abatement remained undisposed of until the entry of the *nunc pro tunc* order hereinabove set forth.

Upon this state of the record it is urged by the petitioner that the five year period mentioned in section 583 of the Code of Civil Procedure has long since expired; that no stipulation in writing extending time has been entered into; and that the trial court had but one duty to perform, enter an order of dismissal. On the part of the plaintiff in action 4529, and respondents herein, it is contended that so far as the motion for leave to file a supplemental answer and plea in abatement is concerned, the issues were not settled; that the complete answer of the defendants had not yet been made; and that no trial of the action upon its merits could be had until after the disposal of the defendants' plea in abatement and, further, that the defendants by interposing a motion for leave to file a supplemental answer and plea in abatement praying for the dismissal of the action of its abatement during the war with Germany were estopped and are now estopped from counting the period during the war as a part of the five years mentioned in section 583 of the Code of Civil Procedure; that the defendants cannot be permitted to take the inconsistent positions of first insisting that the war period constituted a bar to the prosecution of the action and that now, after the conclusion of the war, the plaintiffs' action should be dismissed because it was not brought to trial within the period prescribed by the code.

The petitioners, claiming that their answers in this case were filed more than five years preceding the giving of their notice of motion and the making of their motion, insist that the language of section 583, being mandatory, the writ should issue and cite as authority therefor the following cases: *Rio Vista Mining Co.* v. *Superior Court of Plumas County*, 187 Cal. 1 [200 Pac. 616]; *Andersen* v. *Superior Court*, 187 Cal. 95 [200 Pac. 963]; *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 Pac. 1006]; *Swim* v. *Superior Court*, 193 Cal.

539 [226 Pac. 2], and other cases decided upon a similar
state of facts.

If the petitioners' contention were right that the notice
of motion to dismiss in the court below was given and made
five years subsequently to the filing of the defendants' an-
swer in said cause, then and in that case, there being no
stipulation in writing extending the time, under the doctrine
of the cases above referred to, it would seem that an order
of dismissal should be entered but the question here arises:
Has the five year period mentioned in said section 583 of the
Code of Civil Procedure elapsed since the filing of the de-
fendants' answer as that should be construed?   [1]   Section
583 of the Code of Civil Procedure, so far as material here,
reads as follows: " . . . Any action heretofore or hereafter
commenced shall be dismissed by the court in which the
same shall have been commenced or to which it may be
transferred on motion of the defendant, after due notice to
plaintiff or by the court on its own motion, unless such action
is brought to trial within five years after the defendant has
filed his answer, except where the parties have stipulated
in writing that the time may be extended." This section,
however, is only a part of the Code of Civil Procedure and
must be read in connection, as applied to this case, with the
provisions of section 17 of the same code specifying that the
singular number includes the plural so that the period of
time making up the five years begins to date from the legal
filing of the last answer or pleading which becomes a part
and parcel of the defendants' answer.

[2]   To meet this objection and to start the tolling of the
statute, the petitioners took the position that though their
last pleading was entitled a supplemental answer and plea
in abatement, it was in truth and in fact only a plea in
abatement, was a pleading which they were entitled to file
without leave of court, and that although they asked such
leave and gave notice of their motion and though their mo-
tion was undisposed of, the plea in abatement became a part
and parcel of the record in said cause at the date of filing
of their notice of motion, to wit, August 4, 1917. Is this
contention sound under our system of code pleading? The
question presented by the supplemental answer and plea in
abatement would naturally fall under subdivision 2 of sec-

tion 430 were such matter to appear upon the face of the complaint. At the time of the beginning of the action there was no war pending between the United States and Germany or other foreign country. The complaint filed in this action was in the ordinary form and did not disclose the citizenship of the plaintiff. The war referred to began at a period subsequent to the filing of the complaint and could only be injected into the action by a plea subsequent to the date of the beginning of the action and also subsequent to the date of the filing of the defendants' first answer. Whatever may be the correct term under the common law to designate the defendants' plea in abatement, section 433 of the Code of Civil Procedure makes it an answer in this state. That section reads: "When any of the matters enumerated in section four hundred and thirty do not appear upon the face of the complaint, the objection may be taken by answer."

Section 464 of the same code reads: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint or answer, alleging facts material to the case occurring after the former complaint or answer."

[3] It is evident from these sections that in the state of California the defense of alienage, where nothing appears on that subject in the complaint, must be taken advantage of by answer, and matters arising after the filing of the complaint constituting a defense as in this case, war with the country with which the plaintiff is alleged to be a citizen must be taken advantage of by answer. The question then occurs, when does a supplemental answer become an answer in a case? In *Harding* v. *Minear,* 54 Cal. 502, 506, the court in answering the argument that a plea in bar by reason of adjudication in bankruptcy could be filed as a matter of course and become a part of the record at the date of its being left with the court used the following language: "The codes produced a change in the practice, and in the name of the plea, so that now, instead of filing it, or its substitute—a supplemental answer—as a matter of course, and moving after it has been served to set it aside, application must be made, under the Code, on motion, or order to show cause, for leave to file it at all. The right to file a supplemental answer is, therefore, not an absolute

and positive right, but is made to depend on the leave of the Court in the exercise of a legal discretion.'' The right and duty of the trial court as to granting such leave was therefore considered but that is not material here. This case was again approved in *Seehorn* v. *B. M. & B. W. R. Co.*, 60 Cal. 240. In the case of *Wood* v. *Brush*, 72 Cal. 224 [13 Pac. 627], in deciding as to when a supplemental answer becomes a pleading in a case, the court held as follows: ''The supplemental answer, although presented to the clerk for filing, and marked as filed, did not become a pleading in the cause, so as to constitute a part of the judgment-roll, until defendant's motion, permitting it to be filed as such pleading, was granted; and as leave was refused by the court, it never became a pleading, and is not entitled to consideration as a portion of the judgment-roll.''

It follows from the code sections and the cases herein cited that the petitioners' contention that their supplemental answer became an answer in the case as and of the date of leaving it with the clerk, to wit, August 4, 1917, is not tenable, and also that the supplemental answer did not become an answer in the case until entry of the order of the court granting leave to file and consequently five years have not elapsed since the filing of the defendants' answer herein.

[4] Where a supplemental answer setting up a plea in abatement or bar is filed ''the merits of plaintiff's case are not the subject of inquiry on the trial of a plea in abatement, the only issue determinable being the matter of abatement.'' (1 C. J. 276.) It is further held that such pleas should be first determined, and that upon the trial of such issue the burden of proof is upon the one setting up such affirmative plea. (1 C. J. 275.) In view of what has been said in the foregoing it is unnecessary to consider or determine the question of whether the petitioners by their conduct herein in seeking first to prevent the trial of action No. 4529 upon its merits by reason of the plaintiffs' alleged alienage are now estopped from taking the inconsistent position of demanding a dismissal of the cause on account of its nonprosecution and counting in said period of time as a part of the five years. Writ denied.

Hart, J., and Finch, P. J., concurred.