[Civ. No. 8343. First Appellate District, Division One.—August 22, 1932.]

FRANCES STEINBAUER, Appellant, v. P. N. BONDE-SEN et al., Respondents.

Goldman & Nye and Reed M. Clarke, Charles B. Rosendale, Edson G. Thomas, C. C. Baker, Heim Goldman, Douglas A.

Nye, Morgan V. Spicer and Charles J. Janigian for Appellant.

J. A. Bardin and J. T. Harrington for Respondents.

LAMBERSON, J., *pro tem.*—Appeal by plaintiff from an order and judgment of dismissal, granted upon motion of certain defendants, now respondents herein, made upon the ground that there had been an unreasonable delay in bringing the action to trial.

Plaintiff is the assignee of eighty (80) claimants against eighty-six (86) defendants, and the action is to enforce certain claims against the defendants upon their liability as stockholders of a corporation known as Pacific Preserve Company, the claims being variously for goods, wares and merchandise sold, or services rendered, to said corporation.

The original complaint in the action set forth eighty causes of action, and was filed November 22, 1926. Summons was thereupon issued, and between December 3, 1926, and June 5, 1928, demurrers of various defendants were filed. On August 9, 1928, the respondents, with the exception of Joseph Seconda, filed their answer to the so-called "Amended Complaint", and he, on August 29, 1928, filed his answer to such complaint, it being the only answer filed by Seconda.

On May 22, 1928, appellant filed a pleading denominated "Amendments to Complaint", the same being amendments as to matters of detail, and on August 21, 1928, also filed "Amendments to Complaint", setting forth in one single paragraph a list of the stockholders of the corporation.

On January 3, 1929, the respondents, with the exception of Seconda, filed their "Answer to Second Amended Complaint", their answer consisting of a general denial. None of the pleadings were verified.

On September 3, 1930, respondents filed their notice of motion to dismiss the action. The motion was submitted to the court on September 15, 1930, resubmitted on December 31, 1930, and granted on May 5, 1931. After the resubmission of the motion on December 31st, one of the attorneys for appellant, on January 21, 1931, presented to the trial judge in his chambers, an affidavit sworn to by said attorney, but made no request or motion to reopen the hearing, or any

showing of good cause for the presentation of the affidavit. The court declined to consider it upon the ground that it was filed after the submission of the motion.

On January 11, 1929, plaintiff filed a memorandum of motion to set the case for trial, and on March 17, 1929, filed a similar memorandum. The case was placed upon the civil active list, but the court refused to set it for trial upon the ground that all of the defendants had not been served, and the cause was not at issue. It appeared on the civil active list at each regular calling thereof, from December 11, 1929, to July 30, 1930, with a notation beside it, "Not at Issue". On August 16, 1930, the court having refused to set the action for trial because it was not at issue as to all of the defendants, the plaintiff caused a dismissal to be entered as to certain defendants, and requested that the default of others be entered. In the record it nowhere appears that plaintiff at any time presented to the court the matter of the necessity of having the case tried as to the respondents.

The appellant contends that the granting of the motion for a dismissal was an abuse of discretion, and that the order and judgment of dismissal was against law, because based upon a motion made within less than two years after the answer of the respondents to plaintiff's last pleading denominated "Amendments to Complaint" was filed, the appellant urging that that was the time at which issues were finally joined.

Respondents base their argument for the affirmation of the judgment upon two grounds: (1) That the dismissal was a proper exercise of the discretion of the court, because the time for bringing the action to trial should have been measured from the date of filing the original answer; and (2) assuming that the facts do not bring the case within the provisions of section 583 of the Code of Civil Procedure as it stood prior to 1929, the amendment of 1929 controlled, and the action should have been dismissed because it was not brought to trial within two years after it had been commenced. We shall first consider the second point made by the respondents.

Prior to the amendment of section 583 of the Code of Civil Procedure in 1929, it read in part as follows: "The court may in its discretion dismiss any action for want of

prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial." In 1929 section 583 was amended by changing the words "whenever plaintiff has failed for two years after answer filed", to these words: "whenever plaintiff has failed two years after action is filed".

This section is one of a series of sections of the Code of Civil Procedure, having the same general object; that is, to compel reasonable diligence in the prosecution of an action after it has been commenced, thereby extending to the party or parties against whom it is brought an opportunity to properly present any defense which may be available at the time of the commencement of the action. ▇ Independently of any express authority therefor, the courts have inherent power to dismiss actions for unreasonable delay in prosecution. (*Dupuy* v. *Shear,* 29 Cal. 238; *Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002].) Section 583, as enacted in 1905, created a restriction upon this power, and was a legislative determination that a delay of two years or less in bringing an action to trial after answer filed is not to be regarded as unreasonable. (*Johnson* v. *Baker,* 167 Cal. 260 [139 Pac. 86].) Section 583 established a rule of procedure, and is similar in purpose to sections 581a, 581b and 582 of the Code of Civil Procedure.

In the case of *People* v. *Kings County Dev. Co.,* 48 Cal. App. 72, 79 [191 Pac. 1004, 1006], the court said: "The provisions of the section, in other words, involve merely a matter of procedure—that is, the regulation of the conduct of the parties plaintiff with respect to actions after the commencement thereof for the same reason or purpose which is at the bottom of many other provisions of the code as to procedure, to-wit: to facilitate or bring about a final or as speedy a disposition of the litigation as possible or as is deemed by the legislature to be consistent with the rights, not alone of the plaintiff, but also of the adversary party or parties, and also to clear court calendars of cases as expeditiously as possible, thus and thereby preventing an accumulation upon such calendars of actions in which, by reason of long delays in their prosecution, it may become difficult, if not in some instances impossible, to adjudicate the issues according to the real merits or justice of such causes. Indeed,

the terms of the section are, in their nature and purpose, analogous to the provisions of the Code of Civil Procedure which prescribe a time limit within which a bill of exceptions, or a notice of appeal, or a notice of intention to move for a new trial, or petition for a hearing in the Supreme Court after a cause has been heard and decided by a District Court of Appeal, must be filed.'' ██ The objection is made that section 583, as amended in 1929, cannot apply to the case under consideration, because it was not expressly made retroactive by declaration of the legislature, section 3 of the Code of Civil Procedure providing that no part of such code is retroactive unless expressly so declared. A change in the adjective or procedural law may be made during the progress of a matter in litigation, and will not have a retroactive effect, although it has a direct bearing upon the procedure to be followed. (*Rice* v. *Dunlap,* 205 Cal. 133 [270 Pac. 196]; *Bassford* v. *Earl,* 172 Cal. 653 [158 Pac. 124].)

In support of this principle is the case of *Kerckhoff-Cuzner Mill & Lumber Co.* v. *Olmstead,* 85 Cal. 80 [24 Pac. 648, 649], involving the construction of an amendment of section 1187 of the Code of Civil Procedure, shortening the time within which a materialman might file a lien, in which the court said: ''It is also argued that the amendment cannot apply to or affect the respondent's claim, for the reason that as a portion of the materials were furnished before the amendment was passed, to hold it applicable would be giving it a retroactive effect, and that this is forbidden by the code, which says: 'No part of it is retroactive, unless expressly so declared.' (Code Civ. Proc., sec. 3.) We do not think that the amendment, when applied to the case in hand, is retroactive in effect. It is true, it shortened the time which the respondent would otherwise have had to file its claim and thus seek its remedy. But the authorities are numerous to the effect that a change of remedy, or in the time within which it must be sought, does not impair the obligation of a contract, provided an adequate and available remedy be left. Thus it has been held that an enactment reducing the time prescribed by the statute of limitations in force when the right of action accrued is not unconstitutional, provided a reasonable time be given for the commencement of an action before the bar

takes effect. (*Terry* v. *Anderson,* 95 U. S. 628 [24 L. Ed. 365].) In that case the court, by Waite, C. J., said: 'The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain.' (And see *Scarborough* v. *Dugan,* 10 Cal. 305; *Hibernia S. & L. Soc.* v. *Hayes,* 56 Cal. 297; *People* v. *Campbell,* 59 Cal. 243 [43 Am. Rep. 257].) ''

In the case of *Davis & McMillan* v. *Industrial Acc. Com.,* 198 Cal. 631, 636 [46 A. L. R. 1095, 246 Pac. 1046, 1047], the court said: ''It is clear from the decisions of the courts of this state as well as those of other jurisdictions that a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute the legislature has absolute power to amend the statute and alter the period of limitations prescribed therein, subject only to the requirement that a reasonable time must be allowed for the prosecution of 'an action or proceedings after the passage of an amendment shortening the period (*Doehla* v. *Phillips,* 151 Cal. 488 [91 Pac. 330]; *Swamp Land Dist.* v. *Glide,* 112 Cal. 85, 90 [44 Pac. 451]; *Crothers* v. *Edison Electric Co.,* 149 Fed. 606, 609; 5 Cal. Jur. 755; *Vance* v. *Vance,* 108 U. S. 517 [27 L. Ed. 808, 2 Sup. Ct. Rep. 854]; 19 Am. & Eng. Ency. of Law, 2d ed., pp. 167, 168, 171; 36 Cyclopedia of Law (Cyc.), 1201). It is equally well settled that an amendment to a statute of limitations' enlarging the period of time within which an action can be brought as to pending causes of action is not retroactive legislation and does not impair any vested right (*Weldon* v. *Rogers,* 151 Cal. 432 [90 Pac. 1062]; *Allen* v. *Allen,* 95 Cal. 184 [16 L. R. A. 646, 30 Pac. 213]; *Kerckhoff-Cuzner Mill & Lumber Co.* v. *Olmstead,* 85 Cal. 84 [24 Pac. 648]). . . . In 36 Cyclopedia of Law (Cyc.), page 1201, the rule is laid down in the following language: 'A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or

creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions or considerations already past. Retrospective laws, in their general sense, include *ex post facto* laws, and laws impairing the obligation of contracts, but the term ''retrospective'' is frequently used as applicable only to civil laws by way of distinguishing them from *ex post facto* laws. Retrospective statutes are usually considered to embrace only those which relate to substantial rights, as those which destroy or impair an existing right, or give a right which never before existed; and statutes which affect remedies only are not within the scope of the inhibition against retrospective laws, unless the remedy is entirely taken away, or is encumbered with conditions which render it impracticable.' Again, on page 1213 of the same volume, we find the following: 'The presumption against the retrospective construction of statutes is founded on the principle that they should not be given such a construction as will make them unconstitutional or unjust, and therefore as a general rule does not apply to statutes that relate merely to remedies and modes of procedure. The legislature has full control over the mode, times, and manner of prosecuting suits; and whenever, upon consideration of an entire statute relating to these matters, it appears to have been the legislative intent to make it retroactive, it will be given this effect. A retroactive effect has accordingly been given statutes . . . relating to the limitation of actions. . . . ' ''

The effect of the 1929 amendment of section 583 was simply to change the remedy applicable to a pending proceeding. ■ To meet the provisions of that section requiring that the action be brought to trial within two years after the filing of the answer, it was not sufficient that the plaintiff should have had the action set for trial, or be in court ready for trial. The trial must have been actually begun. (*Boyd* v. *Southern Pac. R. R. Co.*, 185 Cal. 344 [197 Pac. 58].) The burden is upon the plaintiff to call to the attention of the court the necessity for setting the trial for a time within the period fixed by the section. (*Holt* v. *Miller*, 214 Cal. 558 [79 A. L. R. 844, 6 Pac. (2d) 937].) ■ The duty rests upon the plaintiff at every stage of the proceeding, to use diligence and to expedite his case to

final determination. (*Oberkotter* v. *Spreckels,* 64 Cal. App. 470 [221 Pac. 698].) Unless it is made to appear that there has been a gross abuse of discretion, the decision of the trial court will not be disturbed on appeal. (*Barry* v. *Learner,* 113 Cal. App. 651 [299 Pac. 82].)

■ Appellant urges that the task of preparing the complaint, settling the pleadings, taking numerous depositions and otherwise preparing the case for trial, involved a tremendous amount of work on the part of her counsel, of whom there were several, which kept them occupied from January 11, 1929, when the first memorandum to set was filed, until March 17, 1930. There is nothing in the record to indicate that the case was in anywise complicated. The pleading of each cause of action was simple, and not involved in any way, the statement of each cause of action being largely a repetition of the allegations contained in the other causes of action, and aside from the fact that there were a large number of assigned claims, the case appears to have presented no unusual difficulties. A period of nearly four years elapsed between the date of filing the complaint and the date of the submission of the motion to dismiss the action as to respondents. The record discloses no excuse for the long period of delay in bringing the case to trial, or any state of facts which justifies the conclusion that the lower court abused its discretion in granting the motion to dismiss. ■ The action of the court in refusing to set the case for trial, when it was not at issue, did not constitute an obstacle on the part of the court which would excuse the appellant. The court, in requiring that a showing be made that the case was at issue, was following the provisions of the rules established by that court for the conduct of its business. This situation is to be distinguished from the state of facts under consideration in the case of *Raggio* v. *Southern Pac. Co.,* 181 Cal. 472 [185 Pac. 171].

We are of the opinion that the action of the trial court in granting the motion to dismiss should be sustained.

■ In view of this conclusion, it is unnecessary to discuss other matters urged by appellant and respondents, particularly the argument of appellant that the motion to dismiss was made prematurely for the reason that the motion was made within less than two years after the filing

of the amended answer. As heretofore pointed out, the so-called "Amendments to Complaint" did not change the original issues in any material way. In *Gray* v. *Hall,* 203 Cal. 306, 310 [265 Pac. 246, 250], the Supreme Court said: "It has been generally held that where a plaintiff amends his declaration or complaint so as to change the cause of action, or add a new one, it constitutes an abandonment of the original issues, and judgment by default may be taken against the defendant if he fails to file a new or amended answer or plea within the time allowed therefor, notwithstanding the original answer or plea is still on file. (34 C. J. 164, sec. 375d, and authorities there cited.) This rule is without application, however, where the amendment is merely as to formal or immaterial matters, and does not change the cause of action; nor does it apply where the original plea or answer set forth a sufficient defense to the declaration or complaint as amended. (*Lincoln County Bank* v. *Fetterman,* 170 Cal. 357, 360, 361 [149 Pac. 811] ; *Brock* v. *Martinovich,* 55 Cal. 516; *Fox* v. *Hale & Norcross etc. Co.,* 5 Cal. Unrep. 980 [53 Pac. 32, 40, 41, 169] ; *Ermentrout* v. *American Fire Ins. Co.,* 63 Minn. 194 [65 N. W. 270] ; *Kelly* v. *Bliss,* 54 Wis. 187 [11 N. W. 488, 490] ; *Yates* v. *French,* 25 Wis. 661, 663–665; *Kuhuke* v. *Wright,* 22 Kan. 464; *Cohen* v. *Hamill,* 8 Kan. 621; 3 Freeman on Judgments, 5th ed., 2640, sec. 1268a; 1 Ency. of Pl. & Pr. 628, and authorities there cited.) "

The language of the court is very applicable to the case now before the court. Such objection would, in no event, apply to the case of the respondent, Joseph Seconda, who filed only one answer, that being on August 29, 1928. The answers filed were sufficient to place all the issues before the trial court. As was said in *Fox* v. *Hale & Norcross etc. Min. Co.,* 5 Cal. Unrep. 980, 1000 [53 Pac. 32, 41, 169] : "The answer already in was as appropriate to the complaint as amended as before the amendment, for it was in all material respects the same identical pleading." The situation was therefore not analogous to that under consideration in *Southern Pac. Co.* v. *Superior Court,* 69 Cal. App. 106 [230 Pac. 952], in which a supplemental answer and plea in abatement were filed after leave had been granted by the court. Those pleadings injected new issues

into the case not comprehended by the original complaint and answer.

It is ordered that the judgment be affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 21, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 20, 1932.